UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAITLYNN GANNON,

               Plaintiff,       **ATTORNEY DECLARATION IN SUPPORT OF MOTION**

vs.

SHERIFF MICHAEL J. FILICETTI      1:24-CV-00518-JLS-HKS
NIAGARA COUNTY SHERIFF'S OFFICE
STEPHEN W. GAYDOS
LAURA MOLL, and
JOHN AND JANE DOE
JOHN AND JANE SMITHS #1 TO #10
COUNTY OF NIAGARA,

               Defendants.
_____

      CHRISTOPHER R. POOLE, Esq., an attorney duly admitted to practice law in the Courts of the State of New York and before this Court, declares the following statements to be true under penalties of perjury:

      1.    I am an attorney with the law firm Lipsitz Green Scime Cambria LLP, and am an attorney for Plaintiff Kaitlynn Gannon ("Plaintiff" or "Gannon"). As such, I am fully familiar with the facts and circumstances of this matter as well as the pleadings and proceedings had herein and the need for the instant motion.

      2.    This is a civil rights action for damages caused by Defendants Sheriff Michael J. Filicetti, Niagara County Sheriff's Office, Stephen W. Gaydos, Laura Moll, and County of Niagara ("Defendants") to Plaintiff Gannon following the illegal release and publication in December 2023 of reports, papers, and other documents pertaining to incidents of sexual assault Plaintiff endured in October 2021.

3.      I submit this Declaration in support of the Plaintiff's Motion for an Order: (i) compelling limited discovery from Defendants and non-party Tess Harmon (a/k/a Tess Stewart), and (ii) for a prospective protective order for Plaintiff to allow the filing of an affidavit under seal to oppose Defendants' anticipated motion to dismiss the First Amended Complaint, and for such other relief as the Court deems just and proper.

4.      Plaintiff served a Notice of Claim, dated January 25, 2024, upon Sheriff Michael J. Filicetti, Niagara County Sheriff's Office, and County of Niagara.  A copy of the Notice of Claim is attached as **Exhibit A**.  Plaintiff appeared for her New York General Municipality Law Section 50-h hearing on March 20, 2024.

5.      Plaintiff filed a complaint on April 25, 2024, against defendants, Sheriff Michael J. Filicetti (incorrectly sued as "Sheriff Michael J. Felicetti"), Niagara County Sheriff's Office, County of Niagara, and John and Jane Doe, in Supreme Court for the State of New York, County of Niagara, under index number E183240/2024 (the "State Action").  A copy of that complaint is attached as **Exhibit B**.  In sum, Plaintiff alleges that the Defendants violated New York Civil Rights Law Section 50-b when the Defendants released information concerning Plaintiff's status as a sexual assault victim to third parties, including Tess Harmon (Stewart).

6.      Plaintiff requested from Niagara County, its Sheriff's Office, and its District Attorney's Office: (i) any and all available documents on file with your organization regarding or referencing Kaitlynn Gannon and (ii) copies of all prior FOIL requests made by persons or entities requesting documents regarding Kaitlynn Gannon, as well as (iii) copies of the Department's response letters, and any documents provided.  For example, Plaintiff knew there was a request made for such documents dated November 17, 2023, by Tess Harmon, and Plaintiff included that document for reference in Plaintiff's requests.  A copy of the requests and documentation are

attached as **Exhibit C**. This is precisely the discovery that Plaintiff now seeks to compel from Defendants.

7. While this action was in State Court, Plaintiff was able to pursue discovery through the use of a subpoena. Plaintiff served a subpoena, dated April 29, 2024, on Tess Harmon a/k/a Tess C. Stewart on May 13, 2024, in Tennessee. A copy of the subpoena and affidavit of service are attached as **Exhibit D**. Tess Harmon (Stewart) responded to the subpoena via counsel on May 28, 2024, and the response is attached as **Exhibit E**. The correspondences and documentation contained therein show (i) the illegal production of documents by Niagara County (via Niagara County employee Defendant Laura Moll) and (ii) that Defendant Stephen A. Gaydos illegally disclosed information and made defamatory statements about Plaintiff's status as a sexual assault victim.

8. Plaintiff objected to the incomplete Harmon (Stewart) response in a letter dated May 29, 2024, to counsel for Harmon (Stewart). A copy of that letter is attached as **Exhibit I**. The documents Plaintiff still seek are directly related to the Plaintiff's damages in this case. Defendants' illegal dissemination of records to Harmon (Stewart) has resulted in further proliferation of Plaintiff's private matters. From the materials provided by Harmon (Stewart), further requests were made of Harmon (Stewart). (*See* Ex. I). Those additional demands made in Ex. I are as follows, and have not been responded to thus far:

   a. Request for documents sent by Harmon (Stewart) to Ms. Farias as reflected in the April 24, 2024 email Harmon (Stewart) sent to Ms. Farias. (See Ex. E, Harmon 000037);

   b. Request for the attachment to the email your client sent to Ms. Miller. (See Ex. E, Harmon 000036);

    c.    Request for all documents Harmon (Stewart) has had with this Facebook page, and the identity of the administrator(s);

    d.    Request the identity of all people with whom Harmon (Stewart) has had communications concerning Ms. Gannon as well as the content of those communication;

    e.    Request names and addresses of all persons involved in the Facebook page "the Truth About the Ugly Truth Podcast;"

    f.    Request social media posts made by Harmon (Stewart) concerning Plaintiff, whether using Harmon (Stewart) name or a pseudonym.

9.    Attached as **Exhibit J** is a proposed subpoena to be granted by this Court relating to the demands above to be sent to Tess Harmon (Stewart).

10.    There was some pertinent information provided by Tess Harmon (Stewart). As can be seen from the Harmon (Stewart) subpoena response, Defendant Moll sent to Harmon the criminal file and report taken by Niagara County Sheriff's Officer Gaydos relating to Plaintiff. (See Ex. E).

11.    As can also be seen from the Harmon (Stewart) subpoena response, Defendant Gaydos disclosed information about Defendants' "investigation" of a suspect in the sexual assaults of Plaintiff, Plaintiff's purported untruthfulness, and Defendant Gaydos informed the Facebook Page Administrators and/or Tess Harmon/Tess Stewart that the sexual assault information about Plaintiff was available under the Freedom of Information Law using Defendants' assigned case number. Defendant Gaydos also falsely disclosed to third parties that Plaintiff "made a similar false report in Lockport where she claimed assault and the person she named could easily prove they were not in the vicinity at the time." (*Id*.) Defendant Gaydos also illegally disclosed that

Defendants' records identifying Plaintiff as a sexual assault victim could be secured by using Defendants' assigned case number. (*Id.*)

12. The originally named defendants removed the State Action to this Federal Court on May 29, 2024 (Dkt. No. 1). The originally named defendants moved to dismiss the verified complaint on June 5, 2024 (Dkt. No. 6).

13. Defendant County of Niagara admitted by FOIL response dated June 11, 2024 that its files relating to Plaintiff were exempt from the Freedom of Information Law ("FOIL"), specifically stating that the same consist of "2) grand jury materials that are exempt from disclosure pursuant to Criminal Procedure Law 190.25(4) and Public Officer's Law 87(2)(a); 3) would identify the victim of a specified offense and are exempt from disclosure pursuant to Civil Rights Law 50-b and Public Officer's Law section 87(2)(2); and/or (4) would constitute an unwarranted invasion of personal privacy." Defendant's letter admission is annexed hereto as **Exhibit F**.

14. The Tess Harmon (Stewart) interaction with Defendants is currently the only known interaction between a third-party and the Defendants. Defendants Moll and Gaydos were eventually added to this lawsuit based on the Plaintiff's ability to conduct timely discovery. That is the point of the discovery that Plaintiff now seeks to compel from Defendants. Potentially there are more improper and illegal disclosures that Defendants and its agents/employees have made. There are potentially more defendants to be added to this action. Based on the discovery response from Ms. Harmon, Plaintiff was able to identify some of the Defendants' employees who released information about the Plaintiff in violation of New York State Civil Right Law § 50-b. Plaintiff believes more discovery from both Defendants and Ms. Harmon will identify additional people who have tortiously injured Plaintiff or who have violated NYS Civil Right Law § 50-b.

15. Plaintiff filed a First Amended Complaint on June 26, 2024, against defendants, Sheriff Michael J. Filicetti, Niagara County Sheriff's Office, Stephen W. Gaydos, Laura Moll, County of Niagara (collectively, "Defendants"), and John and Jane Doe and John and Jane Smiths #1 to #10 (Dkt. No. 10). Upon information and belief, and after the above-described additional investigation, the additional named Defendants, Stephen W. Gaydos, Laura Moll and John Doe and Jane Doe ("the Doe Defendants"), who are employees of the County of Niagara and/or Niagara County Sheriff's Office, were added to the lawsuit.

16. Defendants' deadline to respond to the First Amended Complaint was July 10, 2024; however, Defendants requested Plaintiff's consent to seek an extension of time to respond to the First Amended Complaint. Plaintiff agreed to an extension of time to respond to the first amended complaint but requested that Defendants withdraw the pending motion to dismiss the verified complaint (Dkt. No. 6).

17. Defendants agreed and submitted a motion to withdraw their motion to dismiss (Dkt. No. 11) with a proposed Joint Stipulated Order (Dkt. No. 11-1) with a proposed briefing schedule to the Court. Defendants state in the Joint Stipulation their intent to move to dismiss the First Amended Complaint. (*Id.*)

18. While discussing the briefing schedule, via an email exchange from June 27, 2024 through July 2, 2024, Plaintiff informed Defendants of a desire to conduct required discovery seeking facts that are outside of Plaintiff's knowledge. The e-mail exchange is attached as **Exhibit G**. Plaintiff informed Defendants that Plaintiff "will be seeking more information from your client about disclosures it made to others, who specifically made those disclosures and additional information from Tess Stewart." *Id*. Defendants' position was that "discovery should be stayed

while a motion to dismiss is pending." However, the Court granted the Defendants' motion to withdraw the motion to dismiss, there is currently no pending motion to dismiss. (Dkt. No. 12)

19.     Plaintiff is currently exhausting her available remedies by also appealing the Defendants' decision to deny Plaintiff's FOIL requests. (See Ex. F). The timely FOIL appeal was submitted to Defendants on July 10, 2024, and a copy is attached as **Exhibit H**. No response has been received yet that would allow Plaintiff to further determine additional defendants.

WHEREFORE, Plaintiff seeks an order from this Court: (i) compelling limited discovery from Defendants as specified herein; (ii) compelling limited discovery from non-party Tess Harmon (a/k/a Tess Stewart) of complete responses to the April 29, 2024 subpoena, issuance of the proposed judicial subpoena, and the limited deposition of Tess Harmon (Stewart), and (iii) for a prospective protective order for Plaintiff to allow the filing of an affidavit under seal to oppose Defendants' anticipated motion to dismiss the First Amended Complaint, and (iv) for such other relief as the Court deems just and proper.

DATED this 25th day of July, 2024.

/s/ Christopher R. Poole, Esq.
Christopher R. Poole, Esq.