

# Lipsitz Green Scime Cambria LLP

Attorneys at Law     42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,3]
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Max Humann
Justin D. Ginter
Dale J. Bauman [2,6]
Melissa D. Wischerath [7]
Jaime Michelle Cain [5]
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Erin McCampbell Paris
Lynn M. Bochenek
Richard A. Maltese, Jr.
Karoline R. Faltas-Peppes
Robert M. Corp [9]
Taylor D. Golba
Amy C. Keller [8]
Christopher R. Poole
Ryan C. Johnsen
Anthony R. Faraco, Jr.
Christina M. Croglio
Michael M. Kane
Alexander R. DiDonato
Brittany E. Morgan
Candace L. Morrison
Victoria E. Dailey
Miriam E. Trojanovic

OF COUNSEL
Paul J. Cambria, Jr. [1,3,5]
Patrick C. O'Reilly
Herbert L. Greenman
Laraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. [2]

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

ALSO ADMITTED IN
1 District of Columbia
2 Florida
3 California
4 Illinois
5 Pennsylvania
6 New Jersey
7 Oregon
8 Massachusetts
9 Connecticut

July 10, 2024

**<u>VIA REGULAR AND CERTIFIED U.S. MAIL</u>**
Chairman of the Niagara County Legislature
Niagara County Courthouse
175 Hawley Street
Lockport, New York 14094

Re:   Appeal of Denied FOIL Request #235-24

Dear Chairman:

My office represents Kaitlynn Gannon, who has recently brought civil litigation as against Sheriff Michael Filicetti, Niagara County Sheriff's Office, Stephen W. Gaydos, Laura Moll and the County of Niagara in the Western District of New York, Civil Action No. 1:24-cv-00518-JLS-HKS. The County Defendants and its employees are represented by Brian Crosby, Esq., who is cc'd on this correspondence.

Please allow this to serve as the written request to appeal the decision of the Niagara County District Attorney to deny the Freedom of Information Law ("FOIL") Request #235-24 from my office made on May 22 and 24, 2024.

That denial decision was made via letter, dated June 11, 2024. A copy of that letter is enclosed for your reference. This appeal is timely filed pursuant to NYS Public Officers Law, Article 6, Section 89(4)(a).

A copy of the original requests from my office are enclosed wherein my office requested any and all available documents on file with your organization regarding or referencing Kaitlynn Gannon. My office is aware of the following case numbers or reference numbers that were to assist in your search:

- Niagara County Sheriff File # 2022-00006333 /
- Radio log # 6333
- CIB/JIB Case # CR-22-4-002
- Agency Case # CA 1753-21

My office also requested copies of all prior FOIL requests made by persons or entities requesting documents regarding Kaitlynn Gannon, as well as copies of the Department's response letters, and any documents provided.



## Lipsitz Green Scime Cambria LLP

For example, we know there was a request made for such documents dated 11/17/23 by Tess Harmon (a copy of which is enclosed). We are also aware that Niagara County released some of the requested records to another third party according to documents sent to us by Ms. Harmon. We expect those prior requests will be provided to us in an unredacted state consistent with state and local laws. Indeed, to the extent you have already released records to third parties, the records should be equally available to us and Kaitlynn Gannon.

At the outset of this appeal, my office would like to stress that FOIL authorizes by law direct communication with a represented party. *Fusco v. Albany*, 134 Misc.2d 98, 101 (Sup. Ct. 1986). "Access to records of a government agency under the Freedom of Information Law (FOIL) is not affected by the fact that there is pending or potential litigation between the person making the request and the agency." *Farbman & Sons, Inc. v. New York City Heath & Hosps. Corp.*, 62 N.Y.2d 75, 78 (1984) "FOIL implements the legislative declaration that 'government is the public's business'" *Id.* at 79. "The statute 'proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government." *Id.* "We hold that FOIL's mandate of open disclosure requires that an agency's public records remain as available to its litigation adversary as to any other person." *Id.* at 81. "We refuse to read into FOIL the restriction that, once litigation commences, a party forfeits the rights available to all other members of the public and is confined to discovery in accordance with article 31." *Id.*

The complete denial of FOIL Request #235-24 was inappropriate for several reasons. There are four (4) separate possible reasons that the denial was issued, but not one of the reasons is highlighted to be the exact reason for denial. There is no explanation provided as to which exemption the Niagara County District Attorney Office relies upon for the outright denial. The lack of specificity and overly broad denial does not allow a narrowly tailored response or appeal herein.

The first exemption potentially relied upon are that the requested records are "inter-agency or intra-agency materials which are not: i) statistical or factual tabulations or data; ii) instructions to staff that affect the public; iii) final agency policy or determinations; or iv) external audits, including but not limited to audits performed by the comptroller and the federal



## Lipsitz Green Scime Cambria LLP

government." None of these qualifications would appear to be relevant, nor applicable, to the requests made by my office on behalf of Kaitlynn Gannon.

The second potential exemption is for "grand jury materials that are exempt from disclosure pursuant to Criminal Procedure Law §190.25(4) and Public Officer's Law section 87(2)(a)." Again, these potential exemptions do not appear to be relevant, nor applicable, to the requests made by my office on behalf of Kaitlynn Gannon. My office and Ms. Gannon recognize the importance of grand jury proceedings, and that such proceedings are secret, and no grand juror, or other person specified in subdivision three of section 190.25(4) or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding. But, to our awareness, no grand jury proceeding commenced here. In fact, Niagara County has previously taken the position that Ms. Gannon is _not_ the victim of a crime.

Paradoxically, the third potential exemption "would identify the victim of a specified offense and are exempt from disclosure pursuant to Civil Rights Law §50-b and Public Officer's Law section 87(2)(a)." My office agrees that identifying the victim of a specified offense is exempt from disclosure pursuant to Civil Rights Law §50-b.

However, here, Kaitlynn Gannon is the victim.

Niagara County, the Niagara County Sheriff's Office, and their agents/employees have already illegally, repeatedly released and published reports, papers, and other documents disclosing and detailing multiple sexual assault incidents Kaitlynn Gannon endured in October 2021 at the hands of two photographed assailants that Niagara County and the Niagara County Sheriff's Office never attempted to identify or prosecute. Niagara County, the Niagara County Sheriff's Office, and their agents/employees publicly disclosed their file for no penological purpose whatsoever. That disclosure was to self-proclaimed sleuths and others with animus toward Kaitlynn Gannon.

Kaitlynn Gannon now seeks all prior FOIL requests made by persons or entities requesting documents regarding Kaitlynn Gannon, as well as copies of the Department's response letters, and any documents provided because



## Lipsitz Green Scime Cambria ᴸᴸᴾ

of these prior illegal release and publication. My office and Kaitlynn Gannon want to know who sent the released information within Niagara County and/or Niagara County Sheriff's Office, why the releases were sent, and to whom.

The fourth potential exemption relied upon in the denial was that it "would constitute an unwarranted invasion of personal privacy." Again, my office and Kaitlynn Gannon agree on this issue, and it is the basis of her current litigation. For example, the Second Circuit noted that the right to privacy encompasses "the individual interest in avoiding disclosure of personal matters." *Stratharos v. New York City Taxi & Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999); see also, *Hancock v. City of Rensselaer*, 882 F.3d 58, 65 (2d Cir. 2018). In fact, the Second Circuit ruled that there is a constitutionally protected privacy interest in: a) certain financial disclosure in *Barry v. City of New York*, 712 F.2d 1554, 1558-59 (2d Cir. 1983); b) certain medical information such as HIV status in *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994); c) other types of medical conditions in *Hancock v. County of Rensselaer*, 882 F.3d 58 (2d Cir. 2018) (prison guard medical record privacy); and d) an incarcerated individual's status as a transexual in *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999).

In *Matson v. Board of Education of the City School District of New York*, 631 F.3d 57 (2d Cir. 2011), the Second Circuit explained that constitutionally protected facts include those that are "'excruciatingly private and intimate [in] nature such as those 'likely to provoke . . . an intense desire to preserve one's medical confidentiality.'" *Id.* at p. 64. It noted that conditions such as HIV status and transsexuality are constitutionally protected because they are "likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Id.* at p. 64. The Second Circuit explained that psychiatric health and substance abuse history are constitutionally protected because it is "information of the most intimate kind." *Id.* at p. 66. The court focused on the fact that such intimate knowledge about a person is constitutionally protected because it is "likely to bring about public opprobrium," and could be viewed as "socially repugnant" or "loathsome." *Id.* It explained that in determining whether personal information is constitutionally protected, courts should consider "whether revealing one's condition would expose a person "not to understanding or compassion but to discrimination and intolerance" and whether the facts that are "likely to provoke both intense desire to preserve



## Lipsitz Green Scime Cambria LLP

one's medical confidentiality as well as intolerance from others." *Id.* at p. 67 (internal quotations omitted).

Before and after *Matson*, many courts, including the Second Circuit, ruled that the Constitution protects sensitive sexual information, including information identifying one's status as a sexual abuse victim. For example, in *Sealed Plaintiff #1 v. Farber*, 212 Fed. App'x 42, 43 (2d Cir. 2007), the Second Circuit expressly found that the alleged police disclosure of sexual assault evidence involving a juvenile "is clearly the type of 'highly personal' information that we have long recognized as protected by the Constitution from governmental dissemination . . . ." *Id.* Although that specific constitutional right had never been previously expressly by the Second Circuit, it nevertheless held "the precedent makes clear that plaintiffs' rights [to confidentiality relating to sexual abuse] were constitutionally protected in August 2001 . . ." *Id.*

Indeed, in 2004, in Nassau County, *Employee "L" v. County of Nassau*, 345 F.Supp. 293, 302 (E.D.N.Y. 2004), the Eastern District of New York unequivocally held as follows:

> "The right to confidentiality encompasses protection against the public dissemination of details of sexual assaults. Victims of sexual violence frequently encounter misdirected criticism and scrutiny that compounds their injuries. '[A] historic stigma has attached to victims of sexual violence. In particular, a tradition of blaming the victim of sexual violence sets these victims apart from those of other violent crimes.' Therefore, there is a confidential interest and right to privacy regarding details of a sexual assault."

The personal privacy interest implicated here is Ms. Gannon's, and she is the requestor. Now, therefore, my office and Kaitlynn Gannon seek all prior FOIL requests made by persons or entities requesting documents regarding Kaitlynn Gannon, as well as copies of the Department's response letters, and any documents provided because of these prior illegal release and publication. To reiterate, my office and Kaitlynn Gannon want to know who sent the released information within Niagara County and/or Niagara County Sheriff's Office, why the release of such information was sent, and to whom.



# Lipsitz Green Scime Cambria LLP

Enclosed lastly is an authorization from Kaitlynn Gannon allowing disclosure of such requested information.

Thank you for your immediate attention.

Very truly yours,

Lipsitz Green Scime Cambria LLP

By: Christopher R. Poole, Esq.

CRP/kmd
Enc.

cc:    Brian Crosby, Esq. (*via regular mail*)
       John Sansone, Esq. – Asst. County Attorney (*via regular mail*)
       Alysa T. Tomasino – Clerk of the Legislature (*via regular mail*)

Writer's ext: 481
Writer's email: cpoole@lglaw.com

OCA Official Form No.: 960

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name<br>Kaitlynn Gannon | Date of Birth<br>5/10/87 | Social Security Number<br>7536 |
|---|---|---|
| Patient Address<br>2232 Ridge Rd, Ransomville, NY 14131 | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form: In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).

| 7. Name and address of health provider or entity to release this information:<br>Niagara County |
|---|
| 8. Name and address of person(s) or category of person to whom this information will be sent:<br>Lipsitz Green Scime Cambria LLP, 42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924 |

9 (a). Specific information to be released:

☐ Medical Record from (insert date) _____ to (insert date) _____,
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☒ Other: All records related to Kaitlynn Gannon

Include: (Indicate by Initialing)
KG  Alcohol/Drug Treatment
KG  Mental Health Information
KG  HIV-Related Information

Authorization to Discuss Health Information

(b) ☒ By initialing here _____ I authorize _____
             Initials           Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
Lipsitz Green Scime Cambria, LLP
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☒ At request of individual<br>☐ Other: | 11. Date or event on which this authorization will expire:<br>At the conclusion of trial |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_[signature]_                                   Date: _____ July 10, 2024
Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.



# NIAGARA COUNTY
# DISTRICT ATTORNEY

NIAGARA COUNTY COURTHOUSE
175 HAWLEY STREET
LOCKPORT, NEW YORK 14094
(716) 439-7085

**BRIAN D. SEAMAN**
*District Attorney*

**DOREEN M. HOFFMANN**
*First Assistant District Attorney*

**PETER M. WYDYSH**
*Second Assistant District Attorney*

**MARIA H. STOELTING**
*Executive Assistant District Attorney*

*Assistant District Attorneys*

Aubrie A. Allen
Susan B. Bjornholm
Thomas H. Brandt
Allison R. Contrera
Carrington M. Crossley
Mattie E. L. Davis
David J. DeChellis
Raymond J. Fadel
Laura T. Jordan
Richelle R. Kloch
Liesel A. Marcantonio
Heather D. Nicholson
Zarianna Peterson
Nichole M. Sands
Christine M. Savoia
Kaitlynn E. Schmit
Grace E. Tesmer
Robert A. Zucco

June 11, 2024

Ms. Lynn Bochenek
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue
Buffalo NY 14202

RE:   FOIL Request #235-24

Dear Ms. Bochenek:

This letter comes in response to your FOIL Requests of May 22 and 24, 2024. The records that you request are exempt from disclosure because they consist of: 1) inter-agency or intra-agency materials which are not: i) statistical or factual tabulations or data; ii) instructions to staff that affect the public; iii) final agency policy or determinations; or iv) external audits, including but not limited to audits performed by the comptroller and the federal government; 2) grand jury materials that are exempt from disclosure pursuant to Criminal Procedure Law §190.25(4) and Public Officer's Law section 87(2)(a); 3) would identify the victim of a specified offense and are exempt from disclosure pursuant to Civil Rights Law §50-b and Public Officer's Law section 87(2)(a); and/or 4) would constitute an unwarranted invasion of personal privacy. Your request is therefore denied.

Very truly yours,

*Leigh A. Braun* LAB
Leigh A. Braun
Confidential Secretary/Records Access Officer

YOU HAVE THE RIGHT TO APPEAL THIS DECISION, SHOULD YOU DESIRE, DIRECTLY TO THE CHAIRMAN OF THE NIAGARA COUNTY LEGISLATURE, NIAGARA COUNTY COURTHOUSE, 175 HAWLEY STREET, LOCKPORT, NEW YORK 14094. SUCH AN APPEAL MUST BE IN WRITING, YOU MUST INLCUDE A COPY OF BOTH YOUR FOIL REQUEST AND THIS DEPARTMENT'S REPLY. YOU MUST SERVE THE APPEAL NOTICE WITHIN THIRTY (30) DAYS OF THE DATE OF THIS REPLY.

/lab
xc:   John Sansone, Esq.          Alysa T. Tomasino
      Assistant County Attorney   Clerk of the Legislature



# Lipsitz Green Scime Cambria ᴸᴸᴾ

Attorneys at Law

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,3]
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Max Humann
Justin D. Ginter
Dale J. Bauman [2,6]
Melissa D. Wischerath [7]
Jaime Michelle Cain [5]
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Erin McCampbell Paris
Lynn M. Bochenek
Richard A. Maltese, Jr.
Karoline R. Faltas-Peppes
Robert M. Corp [9]
Taylor D. Golba
Amy C. Keller [8]
Christopher R. Poole
Ryan C. Johnsen
Anthony R. Foraco, Jr.
Christina M. Croglio
Michael M. Kane
Alexander R. DiDonato
Brittany E. Morgan
Candace L. Morrison
Victoria E. Dailey
Miriam E. Trojanovic

OF COUNSEL
Paul J. Cambria, Jr. [3,5]
Patrick C. O'Reilly
Herbert L. Greenman
Loraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. [2]

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

ALSO ADMITTED IN
1 District of Columbia
2 Florida
3 California
4 Illinois
5 Pennsylvania
6 New Jersey
7 Oregon
8 Massachusetts
9 Connecticut

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

May 24, 2024

Niagara County Legislature
Niagara County Courthouse
175 Hawley Street
Lockport, New York 14094-2740

Re:    FOIL Request
       Our Client:    Kaitlynn Gannon
       Our File No.:   72663.0002

Dear Sir or Madam:

Our firm represents Kaitlynn Gannon. Her DOB is 5/10/1987.

At this time, pursuant to New York's FOIL law, I am writing to request any and all available documents on file with your organization regarding or referencing Kaitlynn Gannon. A copy of our request is enclosed. I am aware of the following case numbers or reference numbers that may assist in your search:

- Niagara County Sheriff File # 2022-00006333 /
- Radio log # 6333
- CIB/JIB Case # CR-22-4-002
- Agency Case # CA 1753-21

I am also requesting copies of all prior FOIL requests made by persons or entities requesting documents regarding Kaitlynn Gannon, as well as copies of the Department's response letters and any documents provided. For example, we know there was a request made for such documents dated 11/17/23 (a copy of which is enclosed). We expect those prior requests will be provided to us in an unredacted state consistent with state and local laws.

As you know, the Freedom of Information Law requires that an agency respond to a request within five (5) business days of receipt of a request.

If it is necessary to modify this request, I would prefer to be contacted so that I may make the appropriate changes. If for any reason any portion of my request is denied, please inform me of the reasons for the denial in writing and provide the name and address of the person or body to whom an appeal should be directed. Thank you.

Very truly yours,

Lipsitz Green Scime Cambria LLP

*Lynn M. Bochenek*
By:  Lynn M. Bochenek

LMB/kmd
Enc.

Writer's Extension: 412
Writer's Email: lbochenek@lglaw.com

6525404v1 - 072663.0002



# APPLICATION FOR PUBLIC ACCESS TO RECORDS
"Freedom of Information Law" (FOIL) Request

## NIAGARA COUNTY LEGISLATURE
Niagara County Courthouse, 175 Hawley Street
Lockport, NY 14094-2740

TO: RECORDS ACCESS OFFICER     DATE: May 22, 2024

DEPARTMENT (DIVISION): Sheriff's Office / DA Office

NAME (Please Print) Mr. / Mrs. / Ms. / Miss: Lynn Bochenek
PHONE NUMBER: (716) 849-1333

BUSINESS NAME (For Niagara County employees, name of employing agency): Lipsitz Green Scime Cambria LLP

MAILING ADDRESS: 42 Delaware Avenue, Buffalo NY 14202

**I wish to inspect the following record(s): (PLEASE FULLY IDENTIFY)**

Any and all available documents on file with your organization regarding or referencing Kaitlynn Gannon, DOB 5/10/1987. I am also requesting copies of all prior FOIL requests by persons or entities requesting documents regarding Kaitlynn Gannon, as well as copies of the Office's response letters and any documents provided.

SIGNATURE: Lynn M. Bochenek

### STOP HERE - FOR OFFICE USE ONLY

☐ APPROVED - You may see and/or copy this (these) record(s) as follows:
DATE: _____ TIME: _____ PLACE: _____

☐ DENIED - For the reason(s) checked below:
☐ Confidential disclosure
☐ Part of investigatory files
☐ Unwarranted invasion of personal privacy
☐ Record is not maintained by this agency
☐ Exempted by statute other than the Freedom of Information Law
☐ The Freedom of Information Law does not provide access to this information
☐ Primary source of information is _____
☐ Record to which this agency is legal custodian cannot be found
☐ Other (specify) _____

SIGNATURE (Records Access Officer) _____ DATE _____

| Price Per Copy: | Received By: |
|---|---|
| Number of Copies: | Amount Received: |
| Amount Due: | Cash / Check / Money Order No: |

NC.21 2003

#470-23



## APPLICATION FOR PUBLIC ACCESS TO RECORDS
"Freedom of Information Law" (FOIL) Request

### NIAGARA COUNTY LEGISLATURE
Niagara County Courthouse, 175 Hawley Street
Lockport, NY 14094-2740

TO: RECORDS ACCESS OFFICER            DATE: 11/17/23
DEPARTMENT (DIVISION): _____

NAME (Please Print) Mr./Mrs./Ms./Miss: **Tess Harmon**   PHONE NUMBER: [redacted]

BUSINESS NAME (For Niagara County employees, name of employing agency): [redacted]

MAILING ADDRESS: [redacted]

I wish to inspect the following record(s): (PLEASE FULLY IDENTIFY)
**The documents for case number 2022-6000633**

**If possible, you can send to my email address** [redacted]

SIGNATURE: *Tess Harmon*

### STOP HERE - FOR OFFICE USE ONLY

☐ APPROVED - You may see and/or copy this (these) record(s) as follows:
DATE: _____  TIME: _____  PLACE: _____

☐ DENIED - For the reason(s) checked below:
- ☐ Confidential disclosure
- ☐ Part of investigatory files
- ☐ Unwarranted invasion of personal privacy
- ☐ Record is not maintained by this agency
- ☐ Exempted by statute other than the Freedom of Information Law
- ☐ The Freedom of Information Law does not provide access to this information
- ☐ Primary source of information is _____
- ☐ Record to which this agency is legal custodian cannot be found
- ☐ Other (specify) _____

SIGNATURE (Records Access Officer): _____   DATE: _____

| Price Per Copy: | Received By: |
|---|---|
| Number of Copies: | Amount Received: |
| Amount Due: | Cash / Check / Money Order No: |

NC.21 2003