

# Lipsitz Green Scime Cambria LLP

**Attorneys at Law**

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,5]
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Max Humann
Justin D. Ginter
Dale J. Bauman [2,6]
Melissa D. Wischeroth [7]
Jaime Michelle Cain [5]
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Erin McCampbell Paris
Lynn M. Bochenek
Richard A. Maltese, Jr.
Karoline R. Foltas-Peppes
Robert M. Corp [9]
Taylor D. Golba
Amy C. Keller [8]
Christopher R. Poole
Christina M. Croglio
Michael M. Kane
Alexander R. DiDonato
Brittany E. Morgan
Candace L. Morrison
Ryan C. Johnsen
Anthony R. Faraco, Jr.
Victoria E. Dailey
Miriam E. Trojanovic

**OF COUNSEL**
Paul J. Cambria, Jr. [1,3,5]
Patrick C. O'Reilly
Herbert L. Greenman
Loraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. [2]

**SPECIAL COUNSEL**
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

**ALSO ADMITTED IN**
1 District of Columbia
2 Florida
3 California
4 Illinois
5 Pennsylvania
6 New Jersey
7 Oregon
8 Massachusetts
9 Connecticut

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924   P 716 849 1333   F 716 855 1580 (Not for Service)   www.lglaw.com

May 29, 2024

**VIA U.S. MAIL & EMAIL**
Scott R. Hapeman, Esq. – srh@personiusmelber.com
Personius Melber, LLP
2100 Main Place Tower
350 Main Street
Buffalo, New York 14202

Re:   Kaitlynn Gannon v. County of Niagara
      Our File No. 72663.0003

Dear Mr. Hapeman:

I am writing concerning your objections to the subpoena served upon your client, Ms. Harmon. We do not agree with any of your objections, and we require a full and complete response.

1. **All Communications you have had with anybody concerning Kaitlynn Gannon.**
2. **All communications you have had with anybody concerning documents your received from the Niagara County Sherriff's Office Relating to Kaitlynn Gannon.**

We disagree that these requests are overly broad, unduly burdensome, vague and do not sufficiently identify documents sought, and seek information unrelated and irrelevant to the action. The documents are directly related to Ms. Gannon's damages in this case.

As we pleaded in the Complaint, Defendants' illegal dissemination of records to your client has resulted in further proliferation of her private matters. Indeed, the evidence is that the illegal disclosure to your client has resulted in the publication of these materials to Facebook, Ms. Farias at Bristol County[1], Ms. Miller at Massachusetts DCF[2], and "The Truth about "The Ugly Truth" Podcast.[3]

---

[1] Please send us the documents sent to Ms. Farias as reflected in the April 24, 2024 email your client sent to her. See Harmon 000037.
[2] Please send the attachment to the email your client sent to Ms. Miller. See Harmon 000036.
[3] Please send us all documents your client has had with this Facebook page, and the identity of the administrator(s). In our conversation last week, you stated that your client did not want to identify the administrator(s), but if she has documents revealing that information, or knows it, she will need to provide it. If she does not know, she can so inform us.



## Lipsitz Green Scime Cambria LLP

We are entitled to the identity of all people with whom your client has had communications concerning Ms. Gannon as well as the content of those communications.

To my understanding, my client has never met yours, and yet Ms. Harmon is actively communicating with at least 4 sources concerning Ms. Gannon. Your objection is that the subpoena is "overly broad, unduly burdensome." Is your client communicating with so many people about Ms. Gannon that production of her written communications is truly burdensome or overly broad? You have sent only 37 pages. As you are undoubtably aware, that quantity of documents is miniscule.

**Demands 4, 6, 7** - You have also refused to provide us with the communications your client received from anyone concerning Ms. Gannon and the Facebook page "the Truth About the Ugly Truth Podcast." You have refused to provide the identity of each person your client provided information to concerning Ms. Gannon and the names and addresses of all persons involved in the Facebook page. For the reasons already discussed, I do not see any valid objection here. Again, these are narrowly tailored and specific demand that go to the heart of her damages.

Likewise, with respect to **Demand 8,** I do not see how social media posts made by your client concerning Ms. Gannon, whether using her legal name or a pseudonym, are objectionable.

Please provide the subpoenaed information within ten (10) days to avoid motion practice.

Very truly yours,

Lipsitz Green Scime Cambria LLP

By: Joseph J. Manna, Esq.

JJM/kmd

Writer's Extension 396
E-Mail: jmanna@lglaw.com

6531841v1 - 072663.0002