UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KAITLYNN GANNON,

        Plaintiff,

vs.                                                1:24-CV-00518-JLS-HKS

SHERIFF MICHAEL J. FILICETTI
NIAGARA COUNTY SHERIFF'S OFFICE
STEPHEN W. GAYDOS
LAURA MOLL, and
JOHN AND JANE DOE
JOHN AND JANE SMITHS #1 TO #10
COUNTY OF NIAGARA,

        Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF KAITLYNN GANNON'S MOTION TO COMPEL LIMITED DISCOVERY AND SEEKING A PROTECTIVE ORDER

                                            Joseph J. Manna, Esq.
                                            Christopher R. Poole, Esq.
                                            Lipsitz Green Scime Cambria LLP
                                            *Attorneys for Plaintiff Kaitlynn Gannon*
                                            42 Delaware Avenue, Suite #120
                                            Buffalo, NY 14202
                                            (716) 849-1333
                                            jmanna@lglaw.com
                                            cpoole@lglaw.com

## INTRODUCTION

Plaintiff Kaitlynn Gannon ("Plaintiff"), by and through her attorneys, Lipsitz Green Scime Cambria LLP, submits this Memorandum of Law in support of her motion seeking an Order: (i) compelling limited discovery from Defendants Sheriff Michael J. Filicetti, Niagara County Sheriff's Office, Stephen W. Gaydos, Laura Moll, and County of Niagara ("Defendants"), and (ii) for a prospective protective order allowing Plaintiff to file her anticipated affidavit under seal in opposition to Defendants' anticipated motion to dismiss the First Amended Complaint.

The Declaration of Christopher R. Poole ("Poole Decl."), dated July 25, 2024, with attached exhibits, is incorporated herein.

## FACTUAL BACKGROUND

Plaintiff was repeatedly sexually assaulted by two assailants on multiple occasions in October 2021. (*See* Poole Decl., Ex. A, paragraph 5). Plaintiff reported the multiple incidents to Defendants Sheriff Michael J. Filicetti and the Niagara County Sheriff's Office. (*Id*. and Ex. E) These multiple sexual assaults were perpetrated by two men acting together over the course of a week. Plaintiff was abducted from, and sexually abused in, the parking lot of Plaintiff's former employer's place of business. Plaintiff had photographs of both men, who were captured on Plaintiff's home surveillance video. Plaintiff gave photographs of her assailants to law enforcement, along with the name of one of them.

Unfortunately, those Defendants failed Plaintiff. Those Defendants barely attempted to identify or prosecute the assailants. Upon information and belief, Niagara County Sheriff's Office are alleged to have failed to do the following:

- failed to secure any witnesses or video of the parking lot where the abuse took place;

- failed to interview a single co-employee of Plaintiff about what they might have seen on the dates of the abductions and abuses;

- failed to secure any statements, witnesses, photos or video concerning the abusers being inside or around the premises;

- failed to interview Plaintiff, at all, about the sexual assaults;

- failed to request medical authorizations seeking Plaintiff's treatment records, photographs, DNA testing after the three assaults, nor request interviews with providers;

- Failed to investigate the foreign objects that were used to abuse Plaintiff as Niagara County Sheriff's Department did not secure any of it, including an item that was placed in the hand of a law enforcement officer by a medical provider, who recovered it from Plaintiff's person;

- Niagara County Sheriff's Office did not request an interview with those accompanying Plaintiff to medical facilities seeking treatment after the sexual assaults; and

- Niagara County Sheriff's Office never received an official or authorized report from the Federal Bureau of Investigation ("FBI") concerning Plaintiff. (Dkt. No. 10, paragraphs 34-44)

Upon information and belief, Defendants obtained and prepared reports, documents, and other papers relating to the sex assaults referenced above which Plaintiff endured and reported.

Defendants never attempted to identify either of the men. Instead, Defendants concluded wrongly, based on a scant investigation, that Plaintiff's allegations were "unfounded." (Dkt. No. 6; and Poole Decl., Ex. E). Defendants never bothered to secure a sworn statement from Plaintiff about two other sexual assaults even though Plaintiff presented to a local hospital and rape crisis clinic three times. Medical providers described and photographed Plaintiffs' physical injuries on three occasions. Defendants never asked for or secured any of the available medical evidence from any of Plaintiff's medical providers.

Instead, in 2023, Defendants closed their cursory "investigation" only to then unbelievably publicly disclose their file via Freedom of Information Law ("FOIL") requests. (Poole Decl., Ex. E). Defendants' disclosures were made to individuals with animus toward Plaintiff. These current non-party individuals uploaded Defendants' file to a publicly accessible Facebook page. (Dkt. No. 10, para. 50). The upload contained Defendants' misinformed and underinformed assertion that Plaintiff was not a sexual assault victim. (*Id.*) Plaintiff was ridiculed unmercifully on pages and pages of Facebook and shamed for reporting the sexual assaults to authorities, including to Defendants. (*Id.*)

Despite her established U.S. Constitutional Right to Privacy and her New York Statutory Rights under Civil Rights Law § 50-b, and their June 11, 2024 admission of confidentiality related to same (*See* Poole Decl., Ex. F), Defendants nevertheless released to the public confidential sexual assault records concerning Plaintiff.

Upon information and belief, and Plaintiff's ongoing investigation, Defendants Stephen W. Gaydos, Laura Moll and John Doe and Jane Doe ("the Doe Defendants"), are employees of the County of Niagara and/or Niagara County Sheriff's Office acting within or outside the scope of their employment at all times relevant herein. These individuals were added as Defendants in Plaintiff's First Amended Complaint. (Dkt. No. 10) Upon information and belief, in 2023, Defendants tortiously released sexual assault records to: (i) the Erie County District Attorney, who was not investigating the crimes, but who instead released them to others, including a TV reporter, Mary Alice Demler at Channel 2; (ii) an individual purporting to be "Tess Harmon" and also known as "Tess Stewart;" and (iii) to certain Facebook users as alleged below, all in violation of the Federal Civil Rights Act (42 U.S.C. §1983), the Fourteenth Amendment to the United States Constitution and New York Civil Rights Law § 50-b. (*Id.* at para. 48)

Tess Harmon/Tess Stewart and/or others further disclosed and disseminated the documents received from Defendants to certain Facebook users and/or to Facebook knowing that they would be selectively disseminated on the internet for the world to see. (Poole Decl., Ex. E). Facebook users and/or Tess Harmon (Stewart) selectively published on December 19, 2023 (and continue to publish) some of the documents, reports and other papers requested and received from Defendants by Tess Harmon/Tess Stewart on a public Facebook Group named "The Truth about 'The Ugly Truth' Podcast." (*See* Dkt No. 10, para. 49-50; Poole Decl., Ex. E),

As alleged in the First Amended Complaint, on December 19, 2023, two employees from the Niagara County Sheriff's Department, who have been audio recorded, told Plaintiff and another individual that sexual assault records identifying victims and details of sexual assaults are available to the public "on a closed case." (*See* Dkt No. 10, para. 67). The two yet unidentified employees (Jane and John Doe) assisted Plaintiff in securing a copy of the sexual assault records that Defendants previously disclosed to (i) Tess Harmon/Tess Stewart; (iii) the Former Erie County District Attorney, John Flynn (for purposes of discouraging a TV reporter from airing a story about bumbling law enforcement efforts to prosecute criminals who have sexually abused and sexually trafficked Plaintiff); and (iii) those connected with the public Facebook page "the Truth about 'the Ugly Truth' Podcast."

As early as April 4, 2023, Defendants sent information to the Facebook Page Administrators identifying her as a sexual assault victim, providing details of the sexual assaults and the fact that the case was closed due to Defendants' premature and incorrect assertion that Plaintiff was not truthful about being sexually assaulted. Said disclosure also included intimate details of multiple sexual assaults, including a sworn statement from Plaintiff describing one of three sexual assaults. (*See* Dkt. No. 10; Poole Decl., Ex. E)

The Niagara County Sheriff Department employee, Defendant, Stephen Gaydos informed The Facebook Page Administrators and/or Tess Stewart/Tess Harmon of "context" relating to information illegally released about Plaintiff identifying her as a sexual assault victim, identifying a suspected assailant (redacted herein). (*See* Dkt. No. 10; Poole Decl., Ex. E)

Defendant Gaydos also falsely disclosed to third parties that Plaintiff "made a similar false report in Lockport where she claimed assault and the person she named could easily prove they were not in the vicinity at the time." Defendant Gaydos also disclosed that Defendants' records identifying Plaintiff as a sexual assault victim could be secured by using Defendants' assigned case number. (*See* Poole Decl., Ex. E)

Niagara County employee and Defendant, Laura Moll, released information to non-party Tess Stewart/Tess Harmon in April 2023 and again in December 2023 which identify Plaintiff as a sexual assault victim, including intimate details of the assaults. (*Id.*) Laura Moll is Niagara County Sheriff Michael J. Filicetti's confidential secretary and has been since approximately 2022. (*Id.*)

Defendants and/or their employees have released information identifying Plaintiff as a sexual assault victim, and a purported false reporter both verbally and in writing. Those employees include Moll, Gaydos and two unidentified employees (co-defendants Jane and John Doe). The two unidentified individuals specifically told Plaintiff that Defendants' policy, practice and/or custom is to release their sexual assault records to the public in a "closed case" when sought in a Freedom of Information Law request. Plaintiff now seeks the individuals' names so that they may be timely added to this lawsuit.

The Doe Defendants have not been identified. Defendants' removal of this action to Federal Court and subsequent motion to dismiss has stalled discovery. Defendants have allegedly

violated Plaintiff's Rights to Privacy by releasing the confidential documents pursuant to the aforesaid policy, practice and/or custom and/or on their own without authority to do so. Plaintiff seeks to learn through this requested discovery who did this, and then add all necessary parties to the action in a timely manner.

## PROCEDURAL BACKGROUND

On or about January 3, 2024, a Notice of Claim was served on behalf of Plaintiff Kaitlynn Gannon upon Sheriff Michael J. Filicetti, Niagara County Sheriff's Office, and County of Niagara. (See Poole Decl., Ex. A) These Defendants conducted a New York Municipal Law Section 50-h hearing on March 20, 2024.

This lawsuit was commenced when Plaintiff filed a complaint on April 25, 2024, against defendants, Sheriff Michael J. Filicetti (incorrectly sued as "Sheriff Michael J. Felicetti"), Niagara County Sheriff's Office, County of Niagara, and John and Jane Doe, in New York Supreme Court, County of Niagara, Index No. E183240/2024 (*See* Poole Decl., Ex. B). Those Defendants removed the State Action to this Court on May 29, 2024 (Dkt. No. 1) and moved to dismiss the verified complaint on June 5, 2024 (Dkt. No. 6).

During that time, Plaintiff served FOIL requests upon Defendants towards the end of May 2024. (See Poole Decl., Ex. C) Plaintiff requested from Defendants "any and all available documents on file with your organization regarding or referencing Kaitlynn Gannon." (*Id*.) Plaintiff tried to guide Defendants with known specifics, including case numbers or reference numbers to assist in Defendants' search, including: Niagara County Sheriff File # 2022-00006333; Radio log # 6333; CIB/JIB Case # CR-22-4-002; and Agency Case # CA 1753-21. *Id*. Plaintiff also requested "copies of all prior FOIL requests made by persons or entities requesting documents

regarding Kaitlynn Gannon, as well as copies of the Department's response letters and any documents provided. For example, we know there was a request made for such documents dated 11/17/23 (a copy of which is enclosed)." *Id*.

Defendant County of Niagara admitted by FOIL response dated June 11, 2024, that its files relating to Plaintiff were exempt from the Freedom of Information Law ("FOIL"), specifically stating that the same consist of "2) grand jury materials that are exempt from disclosure pursuant to Criminal Procedure Law 190.25(4) and Public Officer's Law 87(2)(a); 3) would identify the victim of a specified offense and are exempt from disclosure pursuant to Civil Rights Law 50-b and Public Officer's Law section 87(2)(2); and/or (4) would constitute an unwarranted invasion of personal privacy." (*See* Poole Decl., Ex. F) Plaintiff has appealed this decision to the appropriate individual in Niagara County. (See Poole Decl., Ex. H)

Plaintiff filed a First Amended Complaint on June 26, 2024, against Defendants, Sheriff Michael J. Filicetti, Niagara County Sheriff's Office, Stephen W. Gaydos, Laura Moll, County of Niagara (collectively, "Defendants"), and John and Jane Doe and John and Jane Smiths #1 to #10 (Dkt. No. 10). Upon information and belief, the additional named Defendants, Stephen W. Gaydos and Laura Moll are employees of the County of Niagara and/or Niagara County Sheriff's Office. Plaintiff Kaitlynn Gannon has brought this action against Defendants alleging damages based on the following causes of action: (1) 42 U.S.C. § 1983 – Municipal Under *Monell*, Supervisory and Individual Liability; (2) N.Y. Civ. Rights Law §§ 50-b and 50-c; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) defamation. (*Id*.)

To maintain some privacy concerning these assaults, Plaintiff did not describe the multiple and horrific sexual assaults in detail in her filed complaints.

Defendants' deadline to respond to the First Amended Complaint was July 10, 2024; however, Defendants requested Plaintiff's consent to seek an extension of time to respond to the First Amended Complaint. Plaintiff agreed to an extension of time to respond to the First Amended Complaint but requested that Defendants withdraw the pending motion to dismiss the verified complaint (Dkt. No. 6). Defendants agreed and submitted a motion to withdraw their motion to dismiss (Dkt. No. 11) with a proposed Joint Stipulated Order (Dkt. No. 11-1) with a proposed briefing schedule to the Court. Defendants state in the Joint Stipulation their intent to move to dismiss the First Amended Complaint.

While discussing the briefing schedule, via an email exchange from June 27, 2024 through July 2, 2024, Plaintiff informed Defendants of a desire to conduct required discovery seeking facts that are outside of plaintiff's knowledge. (See Poole Decl., Ex. G) The agreed upon briefing schedule pushes the potential for Plaintiff to conduct discovery very close to the statute of limitations for defamation to add parties to the action. A part of this motion is to avoid the untimely disclosure of the requested information, and then Plaintiff being barred from naming the proper Does and Smiths based on eventual discovery.

Plaintiff informed Defendants that Plaintiff "will be seeking more information from your client about disclosures it made to others, who specifically made those disclosures and additional information from Tess Stewart." *Id*. Defendants' position was that "discovery should be stayed while a motion to dismiss is pending." *Id*. However, the Court has now granted the Defendants' motion to withdraw, and there is no pending motion to dismiss. (Dkt. No. 12) Therefore, after making a good faith effort to resolve the discovery request, Plaintiff brings this motion seeking a judicial order.

# ARGUMENT

## I.

## THIS COURT SHOULD GRANT PLAINTIFF LIMITED DISCOVERY FROM DEFENDANTS

This Court should grant an order allowing Plaintiff to conduct limited discovery from Defendants and non-party Tess Harmon (Stewart).

Plaintiff has already added Defendants to the action based on continuing investigation using subpoena power. Plaintiff recognizes that the statute of limitations for a defamation cause of action is governed by a one-year statute of limitations, per N.Y. CPLR § 215(3). The alleged defamation by Defendants in this matter occurred in approximately mid- to late-November of 2023. With a looming deadline to add all necessary parties within the statute of limitations, Plaintiff now brings the first part of this motion seeking to compel limited discovery from Defendants and Tess Harmon (Stewart).

### A. *Limited Discovery from Defendants*

Plaintiff has been unable to attain the requested information to date through any other means from Defendants, including Plaintiff's FOIL requests. Plaintiff requests an order requiring Defendants produce: (i) all prior FOIL requests made by persons or entities requesting documents regarding Kaitlynn Gannon, and (ii) copies of the Defendants Niagara County and Niagara County Sheriff's Office's response letters and any documents provided.

The names of the Doe Defendants are unknown to Plaintiff, but they are the individual Defendants who illegally released the confidential sexual assault records complained about herein. Upon discovery of the individuals' identities, they will be added as Defendants to replace the Doe Defendants.

There exists a certain urgency for this disclosure that requires the Court's attention prior to the outcome of any anticipated motion to dismiss. This information would allow Plaintiff to timely add defendants to the action within the allotted statute of limitations for all causes of action asserted by Plaintiff.

FRCP 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or <u>by court order</u>."

FRCP 26(d)(3)(A) and (B) allows for discovery to be taken in any particular sequence, and states: "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."

Defendants are unwilling to stipulate to such requests.

Defendants refuse to provide the responses via FOIL requests. Appeal is currently pending.

Plaintiff now requests an order for the disclosure to occur in a timely manner to permit the potential addition of currently unknown parties to the action that are currently being occupied by pseudonyms.

**B.     *Limited Discovery from Non-Party Tess Harmon (Stewart)***

Tess Harmon has replied to a subpoena already.

But, as has been shown in this motion, Tess Harmon's response has been inadequate. She is represented by counsel and the objections raised to the previously served subpoena are not appropriate to the narrowly tailored demands being made upon her.

The proposed subpoena to be granted by this Court is again narrowly tailored. (Ex. J) The Plaintiff's requested information from Harmon (Stewart) again seeks pertinent information relating to information about potential defendants to be added to this action, while also seeking discovery that is directly related to the Plaintiff's damages in this case.

Plaintiff seeks to conduct the non-party deposition of Tess Harmon (Stewart). She is a direct source of information pertaining to the illegal and tortious disclosure of Plaintiff's records. Plaintiff seeks to determine if Tess Harmon knows the identities of any potential defendants who provided improper disclosures.

Tess Harmon's requested limited deposition is to determine her knowledge of Defendants' employees/agents who have made improper disclosures of Plaintiff's records in violation of New York State Civ. Rights Law §§ 50-b and 50-c. Tess Harmon's reply to the disclosure was incomplete and has been objected to by Plaintiff. More discovery is required of Tess Harmon on the issues raised. (*See* Poole Decl., Ex. J).

Plaintiff now requests an order for the objected to disclosure to occur in a timely manner to permit the potential addition of currently unknown parties to the action that are currently being occupied by pseudonyms. Plaintiff seeks full written disclosure from Harmon (Stweart) to occur prior to the deposition of Tess Harmon (Stewart).

## II.

### THIS COURT SHOULD GRANT PLAINTIFF A LIMITED PROTECTIVE ORDER TO FILE A DOCUMENT UNDER SEAL

The second part of this motion is seeking a prospective protective order from this Court to allow Plaintiff to file an affidavit under seal.

Defendants have stated they will be filing another motion to dismiss the First Amended Complaint in the immediate future. Plaintiff anticipates that a forthcoming argument from Defendants is that the sexual assaults suffered by Plaintiff in 2021 were "unfounded" or "unsubstantiated" per the Defendants. Plaintiff will have to respond to that argument with additional facts of the assaults that are far more detailed, graphic, and private than what is already in the public sphere (thanks to Defendants) or detailed in the First Amended Complaint. Plaintiff seeks to retain as much of her constitutional right to privacy as possible by filing her affidavit under seal and outside the public's availability.

As stated in *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 466 (S.D.N.Y. 2017), the presumption of public access to court filings is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Therefore, motions to seal documents must be "carefully and skeptically review[ed] ... to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994).

Plaintiff brings to the Court's attention case law that allows judicial documents to be filed under seal. As stated in *Under Seal*, 273 F. Supp. 3d 460, 466–67, "The right to inspect ... judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might [ ] become a vehicle for improper purposes" such as using records to gratify spite or promote scandals or files that might "serve as reservoirs of libelous statements for press consumption." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 602, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); see also *Amodeo*, 71 F.3d at 1051 ("Courts have long

declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'" (*quoting In re Caswell*, 18 R.I. 835, 29 A. 259, 259 (1893)).

A three-part inquiry determines whether to seal a document. See *Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Here, that first question is answered affirmatively. Plaintiff will be submitting an affidavit under seal to the Court as part of Plaintiff's opposition to a motion dismiss and to allow for performance of judicial function. "[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

The second step is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." (*Id*.) Plaintiff recognizes a strong presumption of public access applies to the documents filed in connection with Defendant's anticipated motion to dismiss. "Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access." *See Olson*, 29 F.4th at 90. "[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."). Such documents "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121. Here, Plaintiff has presented the most compelling reasons imaginable: descriptions of multiple sexual assaults, production of medical records,

intimate photographs taken during medical examinations of sexual assault, and discussion of medical treatment after the sexual assaults. Case law supports sealing the anticipated affidavit.

Here, Plaintiff requests that the Court grants the Plaintiff the ability to continue to maintain the remainder of her right to privacy. Plaintiff seeks to produce her own affidavit under seal in opposition to Defendants' anticipated motion to dismiss. Plaintiff's affidavit will outline the extreme, graphic, and personal nature of the sexual assaults she suffered in October 2021. These deeply personal details will demonstrate to the Court (and Defendants) the gruesome nature of the assaults and the Plaintiff's subsequent medical treatment, including photographs, to evidence the actual occurrence of the assaults. The sealed affidavit will show the physical, emotional, and mental torture that Plaintiff endured as a result of these barely investigated assaults.

This anticipated affidavit under seal will contain photos of the Plaintiff while receiving intimate medical treatment and detail the actions taken by abusers that required such medical procedures. There is nothing more personal and intimate than what will be in the sealed affidavit. Plaintiff is attempting to protect the little privacy she has remaining related to the October 2021 assaults beyond what has already been improperly disclosed to the public by Defendants.

The third step is to balance against the presumption any "competing considerations" such as "judicial efficiency" and "the privacy interests of those resisting disclosure." *Id*. at 120. In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*.

New York State law and federal case law agree that personal privacy should be preserved because of its high value. Former Governor Mario M. Cuomo signed Civil Rights Law § 50-b and § 50-c into law in 1991, establishing New York State Law that reports of sexual assault and abuse

to local authorities must remain confidential and not subject to public release. (See *Deborah S. v. Diorio*, 153 Misc.2d 708, 583 N.Y.S.2d 872 [1992]) Beyond New York's laws, the Supreme Court in *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), recognized that individuals have a protected "interest in avoiding disclosure of personal matters," rooted in the Fourteenth Amendment, and protects an individual's right to control the nature and extent of personal information released about that individual. *See, Whalen*, 429 U.S. at 599–600, 97 S.Ct. 869; *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977) (noting that the right to privacy includes an 'individual interest in avoiding disclosure of personal matters" (quoting *Whalen*, 429 U.S. at 599, 97 S.Ct. 869)).

This Court can also look to the Second Circuit for guidance on the issue. The Second Circuit (taking its guidance from the Supreme Court stated above) noted that the right to privacy encompasses "the individual interest in avoiding disclosure of personal matters." *Stratharos v. New York City Taxi & Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999); see also, *Hancock v. City of Rensselaer*, 882 F.3d 58, 65 (2d Cir. 2018).

In *Matson v. Board of Education of the City School District of New York*, 631 F.3d 57 (2d Cir. 2011), the Second Circuit explained that constitutionally protected facts include those that are "'excruciatingly private and intimate [in] nature such as those 'likely to provoke . . . an intense desire to preserve one's medical confidentiality.'" *Id*. at p. 64. Courts should consider whether revealing one's condition would expose a person "not to understanding or compassion but to discrimination and intolerance" and whether the facts that are "likely to provoke both intense desire to preserve one's medical confidentiality as well as intolerance from others." *Id*. at p. 67.

Here, Plaintiff cannot imagine a more compelling reason for the document to be filed under seal. The materials already fall under Plaintiff's right to privacy, but then coupled with the Plaintiff

being a victim of sexual assault, and then the amplified reason of nefarious people seeking out this type of information about the Plaintiff to publish to the world, there can be no better reason to allow sealing of the document.

In *Nassau County Employee "L" v. County of Nassau*, 345 F.Supp. 293, 302 (E.D.N.Y. 2004), the Eastern District of New York unequivocally held as follows:

> The right to confidentiality encompasses protection against the public dissemination of details of sexual assaults. Victims of sexual violence frequently encounter misdirected criticism and scrutiny that compounds their injuries. "[A] historic stigma has attached to victims of sexual violence. In particular, a tradition of blaming the victim of sexual violence sets these victims apart from those of other violent crimes." Therefore, there is a confidential interest and right to privacy regarding details of a sexual assault.

Plaintiff reaches the standard for the test set out above. Sealing of this prospective affidavit is essential to preserve higher values. Defendants are likely to call Plaintiff's claims of abuse "unfounded" or "unsubstantiated" (because they already have in their initially withdrawn motion). Demonstrating the truth through an affidavit should not require the public embarrassment of providing the most intimate and horrific details of Plaintiff's life. These details on medical confidentiality would go beyond what has already been illegally published by Defendants. Once public, the details would be met with intolerance from others, as shown by the lengths Facebook groups have gone to get and publish details regarding Plaintiff and the sexual assaults she has suffered.

The request for sealing is narrowly tailored and serves that interest. Case law supports this request. Plaintiff requests permission from this Court to file her anticipated affidavit under seal.

## CONCLUSION

Plaintiff Gannon has attempted to gather pertinent discoverable information through requests of counsel and available legal options but has not been able to attain complete responses through such means from Defendants and non-party Harmon (Stewart).

Plaintiff also seeks the ability to adequately oppose an anticipated motion to dismiss by being able to file an affidavit under seal to protect the Plaintiff's privacy.

Plaintiff now seeks an order from this Court: (i) compelling limited discovery from Defendants as specified herein: (ii) compelling limited discovery from non-party Tess Harmon (a/k/a Tess Stewart) of complete responses to the April 29, 2024 subpoena, issuance of the proposed judicial subpoena, and the limited deposition of Tess Harmon (Stewart), and (iii) for a prospective protective order for Plaintiff to allow the filing of an affidavit under seal to oppose Defendants' anticipated motion to dismiss the First Amended Complaint, and (iv) for such other relief as the Court deems just and proper.

DATED this 25th day of July, 2024.

/s/ Christopher R. Poole, Esq.

Joseph J. Manna, Esq.
Christopher R. Poole, Esq.
Lipsitz Green Scime Cambria LLP
*Attorneys for Plaintiff Kaitlynn Gannon*
42 Delaware Avenue, Suite #120
Buffalo, NY 14202
(716) 849-1333
jmanna@lglaw.com
cpoole@lglaw.com