UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KAITLYNN GANNON

                 Plaintiff,

v.

SHERIFF MICHAEL J. FILICETTI
NIAGARA COUNTY SHERIFF'S OFFICE
STEPHEN W. GAYDOS
LAURA MOLL, and
JOHN AND JANE DOE
JOHN AND JANE SMITHS #1 TO #10
COUNTY OF NIAGARA,

                 Defendants.
_____

Civ. No. 24-CV-00518-JLS-HKS

# MEMORANDUM OF LAW IN OPPOSITION
# TO MOTION TO COMPEL

Dated: Buffalo, New York
      August 09, 2024

Scott R. Hapeman, Esq.
PERSONIUS MELBER LLP
*Attorneys for Non-Party*
  TESS HARMON
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 855-1050
srh@personiusmelber.com

## I.  ARGUMENT

This Memorandum of Law is submitted in opposition to the motion of Plaintiff Kaitlynn Gannon styled as a "Motion to Compel" [Doc 16].  Personius Melber LLP represents Non-Party Tess Harmon for the limited purpose of contesting Plaintiff's motion. This Memorandum is submitted to oppose Plaintiff's motion without prejudice to the jurisdictional issues related to this matter.

Plaintiff's "Motion to Compel" appears to seek three (3) distinct items of relief that are related to the Non-Party Tess Harmon.  First, Plaintiff seeks to have the District Court compel "complete responses" to a non-party subpoena issued when this matter was pending in the Supreme Court, State of New York.  Second, Plaintiff seeks to "compel" additional documents from Ms. Harmon through the issuance of a judicial subpoena seeking documents only previously requested by letter.  Lastly, Plaintiff seeks to "compel" the "limited" deposition of Ms. Harmon at an undetermined time and location through an unidentified procedural vehicle.  [Doc. 16 p. 1].  For the reasons set forth below, Plaintiff's motion as it relates to Ms. Harmon should be denied in its entirety.

Initially, Plaintiff's motion should be denied because of the "well-settled rule that once a state court action is removed, it is governed by federal rather than state, procedure." *Riley v. Walgreen Co.*, 233 F.R.D. 496 (S.D. Texas 2005).  Federal Rule of Civil Procedure 26(d) proscribes "discovery from any source before the parties have conferred as required by Rule 26(f)." As in the *Riley v. Walgreen Co.* case, this Court should decline to enforce a discovery device employed prior to the removal of the case.[1]  Moreover, Plaintiff's requests for a judicial subpoena

---

[1]  Ms. Harmon notes that the request to "compel" a further response to the subpoena should be declined upon the further basis that her response was complete and the objections to the subpoena proper despite Plaintiff's claim to the contrary.

1

seeking additional documents and a deposition of Ms. Harmon are premature as Plaintiff has not demonstrated "good cause" for her requests to obtain discovery before authorized by Rule 26. *Minaudo v. Sunrise at Sheepshead Bay*, 2022 WL 18636590 (E.D.N.Y. 2022).

Plaintiff's requests for a judicial subpoena seeking additional documents and a deposition of Ms. Harmon should be rejected upon the additional ground that the requests seek to evade the geographic limitations of Rule 45(c). That rule limits the reach of a subpoena for either documents or testimony to "within 100 miles where the person resides." As indicated on the face of Plaintiff's proposed subpoena, Ms. Harmon resides in Jefferson City in the State of Tennessee. [Doc. 16-11]. According to Google Maps, it is 605 driving miles from Jefferson City Tennessee to the New York State line. Although Plaintiff provides no details regarding the deposition sought, even if Plaintiff sought a remote deposition, this Court lacks the territorial reach to "compel" such a deposition. *Broumand v. Joseph*, 522 F.Supp.3d 8 (S.D.N.Y. 2021).

## IV. CONCLUSION

For all of the above reasons, Plaintiff's motion to compel should be denied in its entirety as it relates to Non-Party Tess Harmon.

Dated: Buffalo, New York
August 09, 2024

/s/Scott R. Hapeman
Scott R. Hapeman, Esq.
PERSONIUS MELBER LLP
*Attorneys for Non-Party*
  TESS HARMON
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716) 855-1050
srh@personiusmelber.com