UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KAITLYNN GANNON,

                    Plaintiff,

v.                                        Civil Action No.:  1:24-cv-00518-JLS-HKS

SHERIFF MICHAEL J. FILICETTI,
NIAGARA COUNTY SHERIFF'S OFFICE,
STEPHEN W. GAYDOS,
LAURA MOLL, and
JOHN AND JANE DOE,
JOHN AND JANE SMITHS #1 TO #10
COUNTY OF NIAGARA,

                    Defendants.

---

**DECLARATION OF BRIAN P. CROSBY IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL AND FOR A PROTECTIVE ORDER**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.      I am an attorney duly licensed to practice in the State of New York and am admitted to practice in the United States District Court for the Western District of New York.  I am a partner at Gibson, McAskill & Crosby, LLP, counsel for the defendants, Sheriff Michael J. Filicetti ("Sheriff Filicetti"), Niagara County Sheriff's Office, Stephen W. Gaydos ("Investigator Gaydos"), Laura Moll ("Confidential Secretary Moll"), and County of Niagara ("Niagara County") (collectively, the "County Defendants"), in the above-captioned action.  I have knowledge of the facts set forth in this Declaration.

2.      I submit this Declaration in opposition to the motion of plaintiff, Kaitlynn Gannon ("Plaintiff"), seeking an Order: (i) compelling limited discovery from the County Defendants, and

(ii) for a prospective protective order allowing Plaintiff to file her anticipated affidavit under seal in opposition to the County Defendants' motion to dismiss the First Amended Complaint.

3. Along with this Declaration, the County Defendants submit concurrently herewith a memorandum of law, dated August 9, 2024, also in opposition to Plaintiff's motion to compel and for a protective order (the "County Defendants' Memorandum of Law").

## RELEVANT PROCEDURAL HISTORY

4. On April 25, 2024, Plaintiff commenced the instant action by filing a summons and verified complaint in the Supreme Court of the State of New York, County of Niagara. [Dkt. No. 1-2].

5. On May 29, 2024, the County Defendants filed a notice of removal, removing the state court action to federal court. [Dkt. No. 1].

6. On June 5, 2024, the County Defendants filed their motion to dismiss the verified complaint. [Dkt. Nos. 6 – 6-5].

7. On July 3, 2024, with the consent of opposing counsel, the County Defendants filed a joint letter motion requesting an extension of time to respond to the FAC, advising of its intent to withdraw the pending motion to dismiss the verified complaint per Plaintiff's request, proposing a briefing schedule for their anticipated motion to dismiss the FAC, and providing the Court with a proposed joint stipulated order regarding the aforementioned. [Dkt. No. 11].

8. On July 9, 2024, the Court granted the County Defendants' motion for an extension of time to respond to the FAC and to withdraw the pending motion to dismiss the verified complaint. [Dkt. No. 12].

9. On July 25, 2024, Plaintiff filed the instant motion to compel and for a protective order. [Dkt. Nos. 16 – 16-12].

10. On July 26, 2024, the County Defendants' filed their motion to dismiss the SAC. [Dkt. Nos. 17 – 17-8].

**RELEVANT FACTUAL HISTORY**

11. Of relevance to the instant motion, Plaintiff served Freedom of Information Law ("FOIL") requests upon the Niagara County Sheriff's Office, the Niagara County Sheriff's Office Forensic Laboratory, and the Niagara County District Attorney.

12. With respect to Plaintiff's FOIL request to the Niagara County Sheriff's Office, which is the subject of Plaintiff's motion to compel as it relates to the County Defendants, Plaintiff submitted this request on or about May 24, 2024. [Dkt. No. 16-4, *Ex. C to the Poole Decl.*, at p. 5[1]]. Upon receipt of Plaintiff's FOIL request, the Niagara County Sheriff's Office provided an acknowledgment letter to Plaintiff on or about May 29, 2024, a copy of which is attached hereto as **Exhibit A**. After reviewing its records, the Niagara County Sheriff's Office provided a response letter to Plaintiff on or about June 24, 2024, indicating that records would be provided to Plaintiff once payment was received. A copy of the Niagara County Sheriff's Office's response letter is attached hereto as **Exhibit B**. Plaintiff has provided payment and a second FOIL response letter was provided to Plaintiff on or about July 12, 2024, along with the records requested. A copy of the Niagara County Sheriff's Office's second response letter is attached hereto as **Exhibit C**.

13. With respect to Plaintiff's FOIL request to the Niagara County District Attorney, which is also the subject of Plaintiff's motion to compel as it relates to the County Defendants, Plaintiff submitted this request on or about May 24, 2024. [Dkt. No. 16-4, *Ex. C to the Poole Decl.*, at p. 8]. Upon receipt of Plaintiff's FOIL request, the Niagara County District Attorney provided an acknowledgment letter to Plaintiff on or about May 31, 2024, a copy of which is

---

[1] For clarity, reference to page numbers of file documents are to the page numbers that are generated by the ECF system upon filing and that appear at the top of the document.

attached hereto as **Exhibit D**. After reviewing its records, the Niagara County District Attorney provided a response letter to Plaintiff on or about June 11, 2024, informing Plaintiff that her FOIL request was denied. A copy of the Niagara County District Attorney's denial letter is attached hereto as **Exhibit E**. Plaintiff appealed this denial on or about July 10, 2024 by way of letter to the Niagara County Legislature, a copy of which is attached hereto as **Exhibit F**. The Niagara County Legislature responded to Plaintiff's appeal on or about June 26, 2024 by way of letter, a copy of which is attached hereto as **Exhibit G**.

14. Additionally, Plaintiff submitted a FOIL request to the Niagara County Sheriff's Office Forensic Laboratory on or about Ma 24, 2024. *See* Dkt. No. 16-8, *Ex. E to Poole Decl.*, at p. 21. The Niagara County Sheriff's Office Forensic Laboratory provided an acknowledgment letter to Plaintiff on or about May 29, 2024, a copy of which is attached hereto as **Exhibit H**, and provided a response to Plaintiff along with records on or about July 12, 2024, a copy of which is attached hereto as **Exhibit I**.

## ARGUMENT

15. As is set forth in greater detail in the County Defendants' Memorandum of Law, Plaintiff's motions to compel and for a protective order should be denied.

16. Plaintiff's motion to compel should be denied because Plaintiff has failed to serve a single formal discovery demand upon the County Defendants; Plaintiff's New York Freedom of Information Law ("FOIL") requests to departments of Niagara County are not governed by the Federal Rules of Civil Procedure and cannot form the basis for the instant motion to compel; even assuming the Court could compel responses to Plaintiff's FOIL requests, Plaintiff has been provided with the records she requested from the Niagara County Sheriff's Office, which makes the motion to compel moot; and Plaintiff has failed to comply with Rule 37 of the Federal Rules

of Civil Procedure and Local Rule 7(d)(3).  Moreover, even if Plaintiff's motion to compel had a cognizable basis, Plaintiff's motion is premature since the parties have yet to conduct a Rule 26(f) conference or exchange Rule 26(a)(1) initial disclosures, Plaintiff has not specified the particular discovery she wishes to obtain from the County Defendants, and the County Defendants' pending motion to dismiss may alter the scope of discovery.  In sum, there is no basis in law or in fact for the Court to grant Plaintiff's motion to compel.

17. Plaintiff's motion for a protective order, which is more properly a motion to seal, should be denied because Plaintiff has failed to overcome the strong presumption of public access that is provided to judicial documents and, more particularly, judicial documents filed in connection with a dispositive motion.  Moreover, Plaintiff has failed to comply with Local Rule 5.3 and as such, has not provided sufficient information to the Court, other than conclusory assertions, for the Court to make a specific, on the record finding that sealing is necessary.  Further, Plaintiff's purported basis for sealing the affidavit rests upon the precise legal questions that are at issue in this action and which are the subject of the County Defendants' pending motion to dismiss, making it improper for the Court's determination to rest on those grounds.  Additionally, none of Plaintiff's claims rise or fall on Plaintiff's explicit details of the alleged sexual assault, reducing its relevance to the County Defendants' pending motion to dismiss.  In sum, Plaintiff has failed to demonstrate a compelling reason to seal the affidavit in question from public inspection considering the weight accorded to the right of the public, and Niagara County taxpayers in particular, to access judicial documents that are filed in connection with a dispositive motion.

## **CONCLUSION**

18. Accordingly, for the reasons set forth herein as well as those set forth in the County Defendants' Memorandum of Law, the County Defendants respectfully request that Plaintiff's

motion seeking an Order: (i) compelling limited discovery from the County Defendants, and (ii) for a prospective protective order allowing Plaintiff to file her anticipated affidavit under seal in opposition to the County Defendants' motion to dismiss the First Amended Complaint, be denied in its entirety, and that the Court grant the County Defendants such other and further relief as it may deem just and proper.

19. I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   August 9, 2024

*s/Brian P. Crosby*
Brian P. Crosby, Esq.