# EXHIBIT G



**NIAGARA COUNTY LEGISLATURE**
NIAGARA COUNTY COURTHOUSE
175 HAWLEY STREET
LOCKPORT, NY 14094-2740

**REBECCA J. WYDYSH**
*Chairman*

**ALYSA T. TOMASINO**
*Clerk*

*(716) 439-7000*
*(716) 439-7124 Fax*

Christopher R. Poole, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Ave., Suite 120
Buffalo, New York 14202

Re: Response to Appeal of Denial of FOIL Request #235-24

Dear Mr. Poole:

    As Vice Chairman of the Niagara County Legislature, I have reviewed your FOIL appeal letter dated July 10, 2024. I have also reviewed FOIL Request #235-24 and the Niagara County District Attorney's response to FOIL Request #235-24 dated June 11, 2024, which denied the request for records (the "FOIL Denial").

    In your appeal letter, you appealed from the decision of the Records Access Officer at the Niagara County District Attorney's Office, which denied the request for any and all available documents on file regarding or referencing Kaitlynn Gannon as well as copies of all prior FOIL requests made by persons or entities requesting documents regarding Kaitlynn Gannon and any responses to same. I note at the outset that your appeal appears to be contradictory. On the one hand, you maintain that New York Civil Rights Law § 50-b and the unwarranted invasion of privacy exemption are proper bases upon which to deny FOIL Request #235-24. On the other hand, you have appealed from the FOIL Denial, presumably because it is your position that the other exemptions set forth in the FOIL Denial lack merit. Therefore, the purpose of FOIL Request #235-24 and the instant appeal is far from clear.

    Nonetheless, as you are aware, the FOIL Denial set forth four exemptions that may be applicable to the records sought in FOIL Request #235-24: 1) inter-agency or intra-agency materials which are not: i) statistical or factual tabulations or data; ii) instructions to staff that affect the public; iii) final agency policy or determinations; or iv) external audits, including but not limited to audits performed by the comptroller and the federal government; 2) grand jury material that are exempt from disclosure pursuant to Criminal Procedure Law § 190.25(4) and Public Officers Law § 87(2)(a); 3) would identify the victim of a specified offense and are exempt from disclosure pursuant to Civil Rights Law § 50-b and Public Officer's Law § 87(2)(a); and/or 4) would constitute an unwarranted invasion of personal privacy. As you point out in your appeal, the FOIL Denial failed to specify the precise exemption upon which the denial of FOIL Request #235-24 was based. Please allow this response to clarify and particularize that position.

    Based on my review of this matter, the records sought in FOIL Request #235-24 are exempt from disclosure pursuant to New York Public Officer's Law § 87(2)(a), which permits an agency to deny access to records that are specifically exempted from disclosure by state or federal statute. The specific state statute which is the basis for the application of this exemption is New York Criminal Procedure Law § 190.25(4)(a), as the records at issue are grand jury materials which are subject to secrecy and may not be disclosed without a court order. Specifically, the records sought are records that were utilized and/or prepared in connection with the issuance of grand jury subpoenas, as well as the grand jury subpoenas themselves. Criminal Procedure Law § 190.25(4)(a) broadly states that grand jury proceedings are secret. It further prohibits the district attorney from disclosing the nature or substance of any grand jury testimony, evidence, or any decision, result or other

matter attending a grand jury proceeding except in the lawful discharge of their duties or upon written order of the court. Moreover, unlawful grand jury disclosure is a class E felony pursuant to New York Criminal Procedure Law § 215.70. Therefore, since grand jury proceedings, or any other matter attending a grand jury proceeding, are secret and may not be disclosed by the district attorney absent a court order, and the records at issue pertain to matters attending a grand jury proceeding, the records are exempt from disclosure under Public Officers Law § 87(2)(a). *See, e.g., Greene v. Hynes*, 3 Misc.3d 1102(A), at *4 (Sup. Ct. Kings Co. 2004) ("Public Officers Law § 87(2)(a) provides that the agency may deny access to government records that are specifically exempted from disclosure by state or federal statute. Grand jury materials are indeed secret pursuant to the CPL § 190.25."); *Wm. J. Kline & Sons Inc. v. County of Hamilton*, 235 A.D.2d 44, 47 (3d Dept. 1997) (noting that grand jury proceedings are secret and that grand jury records are unavailable to the public under FOIL); *New York News, Inc. v. Office of Special State Prosecutor of State of N.Y.*, 153 A.D.2d 512, 514 (1st Dept. 1989) ("Moreover, the information is also exempted under the FOIL exemption for state statutes. To the extent that the investigation of the leak reveals information provided to the grand jury in the underlying Wappingers Falls investigation, it is exempt [See Penal Law § 215.70, *supra*]."); N.Y. State Comm.Open Govt. AO 8180 (1994) (advising that instructions provided to grand jury by court or district attorney would be exempt from disclosure under FOIL since § 190.25(4) pertains not only to testimony, but to any matter attending a grand jury proceeding").

Some of these records are also exempt from disclosure under Public Officers Law § 87(2)(g) because they are inter-agency records that are either inter-agency communications or records that were received from another agency in connection with a grand jury proceeding.

Additionally, some of these records are Federal Bureau of Investigation ("FBI") records. On their face, they state that they are "the property of the FBI," that they are "loaned to your agency," and that they are "not to be distributed outside your agency." These records were not prepared by the Niagara County District Attorney's Office but were part of the FBI's independent investigation. As such, these records are not subject to disclosure without the permission of the FBI or without court order. Disclosure of these materials may hinder, or even chill, future law enforcement efforts. *See Hawkins v. Kurlander*, 98 A.D.2d 14, 16-17 (4th Dept. 1983). Since these particular records are federal records, you must submit a federal Freedom of Information Act ("FOIA") request to the FBI for these particular records.

Finally, I disagree with your interpretation of *Farbman & Sons, Inc. v. New York City Health & Hosps. Corp.*, 62 N.Y.2d 75, 78 (1984) referenced in your appeal. I do not dispute your assertion that pending or potential litigation does not affect an individual's ability to submit FOIL requests or access agency records. Nevertheless, inasmuch as "pending litigation cannot be used as a shield from FOIL requests…FOIL requests cannot be used as a sword to emasculate discovery rules." *Greenberg v. Board of Educ. of City of New York*, 125 F.R.D. 361, 361 (E.D.N.Y. 1989). I further note that *Farbman & Sons, Inc.* and subsequent cases have not addressed the interplay between FOIL and the Rules of Professional Conduct. As you are aware, Rule 4.2 of the Rules of Professional Conduct prohibits communications with a known represented party. I disagree that the Court of Appeals, in deciding *Farbman & Sons, Inc.*, intended to depart from this seminal rule of our practice, or sanction its violation.

Accordingly, your appeal is DENIED.

Anthony J. Nemi
Vice Chairman of the Niagara County Legislature

cc:  John Sansone, Esq. – Assistant County Attorney
     Leigh A. Braun – Niagara County District Attorney's Office Confidential Secretary/Records Access Office
     Alysa T. Tomasino – Clerk of the Niagara County Legislature
     Brian P. Crosby, Esq.