UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAITLYNN GANNON,

                    Plaintiff,

v.                                        Civil Action No.: 1:24-cv-00518-JLS-HKS

SHERIFF MICHAEL J. FILICETTI,
NIAGARA COUNTY SHERIFF'S OFFICE,
STEPHEN W. GAYDOS,
LAURA MOLL, and
JOHN AND JANE DOE,
JOHN AND JANE SMITHS #1 TO #10
COUNTY OF NIAGARA,

                      Defendants.

**MEMORANDUM OF LAW OF DEFENDANTS, SHERIFF MICHAEL J. FILICETTI, NIAGARA COUNTY SHERIFF'S OFFICE, STEPHEN W. GAYDOS, LAURA MOLL, and COUNTY OF NIAGARA, IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR A PROTECTIVE ORDER**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
PRELIMINARY STATEMENT .............................................................................................. 1
FACTUAL BACKGROUND ................................................................................................... 1
PROCEDURAL BACKGROUND............................................................................................ 2
ARGUMENT............................................................................................................................. 3
    I.     Plaintiff's Motion to Compel Should Be Denied...................................................... 3
          A.     Plaintiff's Motion to Compel is Premature and Violates Rule 37 and Local Rule 7(d)(3)................................................................................................. 3
          B.     The "Discovery" Sought is Premature ......................................................... 8
    II.     Plaintiff's Motion for a Protective Order Should Be Denied ................................. 9
CONCLUSION........................................................................................................................ 16

# **TABLE OF AUTHORITIES**

**Cases**
*Bernsten v. O'Reilly*, 307 F.Supp.3d 161 (S.D.N.Y. 2018) .............................................................. 13
*Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632 (S.D.N.Y. July 8, 2021).. 12, 13
*Brown v. Chappius*, 2014 WL 1795015 (W.D.N.Y. May 6, 2014) ............................................... 3
*Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) ........................................................................... 10
*Buckingham v. Lewis General Tires, Inc.*, 2017 WL 975942 (W.D.N.Y. Mar. 14, 2017) ......... 7, 8
*Capital Newspapers Div. of Hearst Corp. v. Burns*, 67 N.Y.2d 562 (1986) ............................... 15
*Cisse v. Mitchell*, 2024 WL 2794251 (W.D.N.Y. May 31, 2024) ............................................. 7, 8
*City of Hartford v. Chase*, 942 F.2d 130 (2d Cir. 1991) .................................................. 10, 11, 12
*Desch v. Ulthera, Inc.*, 2022 WL 2987084 (E.D.N.Y. July 28, 2022) ...................................... 9, 10
*Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*, 2007 WL 2900217 (S.D.N.Y. Oct. 4, 2007) ............... 7
*Fox v. Poole*, 2006 WL 2528535 (W.D.N.Y. Aug. 31, 2006) ....................................................... 3
*Gambino v. Payne*, 2015 WL 3505639 (W.D.N.Y. June 3, 2015) ............................................ 4, 6
*Gerrard v. Acara Solutions Inc.*, 2019 WL 2647758 (W.D.N.Y. June 27, 2019) .......................... 8
*Hardy v. LoVerde*, 2011 WL 4424434 (W.D.N.Y. Sept. 21, 2011) ..................................... 3, 7, 8
*In re Orion Pictures Corp.*, 21 F.3d 24 (2d Cir. 1994) ............................................................ 10, 12
*Jenn-Ching Luo v. Baldwin Union Free School Dist.*, 2013 WL 4719090 (E.D.N.Y. Sept. 3, 2013) ........................................................................................................................................ 5, 6
*Jones v. Reinbolt*, 2022 WL 2974035 (W.D.N.Y. July 27, 2022) ................................................. 5
*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ........................... 9, 10, 12, 15
*Matter of New York Times Co.*, 828 F.2d 110 (2d Cir. 1987) ..................................................... 15
*McCaney v. Wilkowski*, 2023 WL 2965135 (W.D.N.Y. Apr. 17, 2023) ................... 12, 13, 14, 15
*McFadden v. Williams*, 2021 WL 5890173 (W.D.N.Y. Dec. 13, 2021) ...................................... 5
*McFadden v. Williams*, 2022 WL 17126213 (W.D.N.Y. Nov. 22, 2022) ................................ 7, 8
*Mento v. Donahoe*, 2012 WL 13177062 (W.D.N.Y. Feb. 15, 2012) ............................... 10, 11, 12
*Nieves v. Just Energy New York Corp.*, 2020 WL 6720871 (W.D.N.Y. Nov. 16, 2020) ........... 8, 9
*Noel v. Clouston*, 2024 WL 1326299 (W.D.N.Y. Mar. 28, 2024) ................................................ 5
*Orraca v. Washborn*, 2011 WL 4352716 (W.D.N.Y. Sept. 15, 2011) .......................................... 3
*Posr v. City of New York*, 2013 WL 2419142 (S.D.N.Y. June 4, 2013) .................................... 4, 6
*Rowe v. Google*, 2022 WL 4467628 (S.D.N.Y. Sept. 26, 2022) ................................................. 12
Rule 26(d)(1) of the Federal Rules of Civil Procedure .................................................................. 8
Rule 5.3(c)(3) of the Local Rules of Civil Procedure .................................................................. 11
*Schuloff v. Fields*, 950 F.Supp. 66 (E.D.N.Y. 1997) .................................................................. 4, 6
*Sonds v. Cuomo*, 2012 WL 952540 (N.D.N.Y. Feb. 3, 2012) ................................................... 5, 6
*Treadway v. Voutour*, 2011 WL 3159102 (W.D.N.Y. July 26, 2011) .......................................... 3
*U.S. Amodeo*, 44 F.3d 141 (2d Cir. 1995) ..................................................................................... 9
*U.S. v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ................................................................. 9, 10, 15
*Yeremis v. Amerit Fleet Solutions*, 2021 WL 1565693 (S.D.N.Y. Apr. 21, 2021) ........................ 8

**Statutes**
42 U.S.C. § 1983 ........................................................................................................................... 14
New York Civil Rights Law § 50-a .............................................................................................. 13
New York Civil Rights Law § 50-b ........................................................................................ 13, 14
New York Public Officer's Law § 89 ............................................................................................ 4
New York Public Officers Law § 89 ............................................................................................. 6

**Rules**

Rule 37 of the Federal Rules of Civil Procedure ...................................................................... 6, 7
Rule 37(a)(1) of the Federal Rules of Civil Procedure ................................................................. 7
Rule 5.3(a) of the Local Rules of Civil Procedure................................................................. 9, 10
Rule 5.3(c) of the Local Rules of Civil Procedure..................................................................... 11
Rule 5.3(c)(2) of the Local Rules of Civil Procedure ................................................................ 11
Rule 5.3(c)(2)(A)-(D) of the Local Rules of Civil Procedure .................................................... 11
Rule 7(d)(3) of the Local Rules of Civil Procedure................................................................. 6, 7

## PRELIMINARY STATEMENT

Defendants, Sheriff Michael J. Filicetti ("Sheriff Filicetti"), Niagara County Sheriff's Office, Stephen W. Gaydos ("Investigator Gaydos"), Laura Moll ("Confidential Secretary Moll"), and County of Niagara ("Niagara County") (collectively, the "County Defendants"), hereby submit the instant memorandum of law in opposition to the motion of plaintiff, Kaitlynn Gannon ("Plaintiff"), seeking an Order: (i) compelling limited discovery from the County Defendants; and (ii) for a prospective protective order allowing Plaintiff to file her anticipated affidavit under seal in opposition to the County Defendants' motion to dismiss the first amended complaint (the "FAC"). Along with this memorandum of law, the County Defendants submit concurrently herewith the declaration of Brian P. Crosby, Esq., declared to August 9, 2024 in opposition to Plaintiff's motion (the "Crosby Declaration" or the "Crosby Decl."). All facts and procedural history relevant to the instant memorandum of law is set forth in the Crosby Declaration and will not be repeated herein except for the sake of completeness. For the reasons set forth herein, Plaintiff's motion should be denied in its entirety.

## FACTUAL BACKGROUND

The majority of Plaintiff's factual background set forth in her memorandum in support of the instant motions is made up of allegations taken word-for-word from Plaintiff's FAC. *Compare* Dkt. No. 16-12, *Pltf's MOL in Support*, at pp. 2-3[1] *with* Dkt. No. 10, *FAC*, at ¶ 19; p. 3 *with* ¶ 46; p. 4 *with* ¶ 1; p. 5 *with* ¶ 49; p. 5 *with* ¶ 50; p. 5 *with* ¶ 67; p. 5 *with* ¶ 68; p. 6 *with* ¶ 69; p. 6 *with* ¶ 70; p. 6 *with* ¶ 71; p. 6 *with* ¶ 72. As such, it is respectfully submitted that they are merely that – allegations – which should not be taken as fact at this stage of the litigation. These assertions are unrelated to the specific matters at hand, namely, whether Plaintiff has met her burden to

---

[1] For clarity, reference to page numbers of file documents are to the page numbers that are generated by the ECF system upon filing and that appear at the top of the document.

1

warrant granting her motions to compel discovery and for a protective order. As discussed herein, she has not. Additionally, to the extent that Plaintiff's motions to compel and for a protective order are based upon these allegations, the County Defendants' pending motion to dismiss the FAC calls into question the factual basis for these instant motions. *See* Dkt. Nos. 17 – 17-8.

## **PROCEDURAL BACKGROUND**

Plaintiff filed a verified complaint on April 25, 2024 in Supreme Court of the State of New York, County of Niagara. Dkt. No. 1 – 2. Following removal, the County Defendants moved to dismiss the verified complaint on June 5, 2024. Dkt. Nos. 6 – 6-5. Thereafter, instead of opposing the County Defendants' motion, Plaintiff filed the FAC on June 26, 2024, naming Investigator Gaydos and Confidential Secretary Moll as new defendants, among other amendments. *See* Dkt. No. 10. In light of the new pleading, the County Defendants requested an extension of time from Plaintiff to respond to the FAC. Dkt. No. 16-8, *Ex. G to Poole Decl.*, at pp. 4-5. Plaintiff agreed to an extension of time, but requested that the County Defendants withdraw the pending motion to dismiss the verified complaint and that if the County Defendants intended to move to dismiss the FAC, that the parties jointly agree upon and submit to the Court a proposed briefing schedule for the anticipated motion to dismiss. *Id.* at p. 3-4. The County Defendants submitted a joint letter motion to the Court, seeking to withdraw the pending motion to dismiss the verified complaint and obtain an extension of time to respond to the FAC, and setting forth a proposed briefing schedule for their anticipated motion to dismiss the FAC on July 3, 2024. Dkt. No. 11. The Court granted the joint letter motion on July 9, 2024. Dkt. No. 12.

In connection with the parties' communications regarding the adjournment, Plaintiff broached the subject of discovery with the County Defendants. Dkt. No. 16-8, *Ex. G to Poole Decl.*, at p. 4. The County Defendants informed Plaintiff that it is their position that discovery

2

should be stayed while a motion to dismiss is pending. *Id.* at p. 3. In response, Plaintiff stated that the County Defendants' motion to dismiss "is delaying discovery," advised that she "will be seeking more information from [the County Defendants] about disclosures it made to others," and further advised that she "will be filing a motion for limited discovery pending resolution of the MTD." *Id.* at pp. 2-3. However, Plaintiff has never served a formal discovery demand upon the County Defendants in this action to form the basis for the instant motion to compel.

## ARGUMENT

I. **Plaintiff's Motion to Compel Should Be Denied**

   A. **Plaintiff's Motion to Compel is Premature and Violates Rule 37 and Local Rule 7(d)(3)**

"It is basic that a party seeking to compel discovery must first serve formal discovery demands." *Brown v. Chappius*, 2014 WL 1795015, at *5 (W.D.N.Y. May 6, 2014). Courts in this District routinely deny motions to compel as premature where the moving party has failed to serve formal discovery demands. *See, e.g.*, *Brown*, 2014 WL 1795015, at *5; *Hardy v. LoVerde*, 2011 WL 4424434, at *3 (W.D.N.Y. Sept. 21, 2011); *Orraca v. Washborn*, 2011 WL 4352716, at *1 (W.D.N.Y. Sept. 15, 2011) (denying motion where "[t]here is nothing before [the Court] establishing that plaintiff's motion to compel disclosure of the confiscated documents was preceded by a document demand seeking such discovery."); *Treadway v. Voutour*, 2011 WL 3159102, at *2 (W.D.N.Y. July 26, 2011) (denying plaintiff's motions as premature where "[a]t the time of Plaintiff's first two motions to compel, he had not yet made a discovery demand, and, as such, Defendant did not fail to respond."); *Fox v. Poole*, 2006 WL 2528535, at *2 (W.D.N.Y. Aug. 31, 2006) ("[I]n the absence of proof of demands actually being served upon defendants, a motion to compel their response is premature"). Simply put, there is nothing for the Court to compel if discovery demands have not been served. *Id.*

3

Here, it is undisputed that Plaintiff has not served the County Defendants with a single formal discovery demand. Completely absent from Plaintiff's papers is any mention of any formal discovery demand that has been served by Plaintiff upon the County Defendants to form the basis for the instant motion to compel. Instead, Plaintiff refers to Freedom of Information Law ("FOIL") requests Plaintiff submitted to the Niagara County Sheriff's Office and the Niagara County District Attorney, which are separate from any formal discovery that may be demanded from the County Defendants under the Federal Rules of Civil Procedure and compelled by the Court.

FOIL requests are governed entirely by the New York Public Officers Law, which specifies that a requesting party must first appeal the denial through administrative channels and then commence a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules challenging the denial. New York Public Officer's Law § 89; *Gambino v. Payne*, 2015 WL 3505639, at *1 (W.D.N.Y. June 3, 2015) ("[I]f indeed Plaintiff submitted a FOIL request through proper channels, any challenge to a denial of her request should be brought in State court pursuant to Article 78 [of the N.Y. Civil Practice Law and Rules]" [internal citations and quotations omitted]); *Posr v. City of New York*, 2013 WL 2419142, at *14 (S.D.N.Y. June 4, 2013) ("Under New York state law, if an agency or government official fails to comply with the provisions of FOIL, the person submitting the FOIL request must pursue an administrative appeal or seek remedies in state court pursuant to N.Y. C.P.L.R. Article 78."); *Schuloff v. Fields*, 950 F.Supp. 66, 67-68 (E.D.N.Y. 1997) ("The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information law is a state court proceeding pursuant to N.Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies."). As such, determining whether the Niagara County Sheriff's Office and the Niagara County District Attorney properly responded to or denied Plaintiff's FOIL requests is beyond the jurisdiction of this court. *Id. See also Jenn-*

*Ching Luo v. Baldwin Union Free School Dist.*, 2013 WL 4719090, at **3-4 (E.D.N.Y. Sept. 3, 2013); *Sonds v. Cuomo*, 2012 WL 952540, at *3 (N.D.N.Y. Feb. 3, 2012).

With respect to Plaintiff's FOIL requests to the Niagara County Sheriff's Office[2], the Niagara County Sheriff's Office sent its FOIL response letter to Plaintiff's counsel on or about June 24, 2024, a day before Plaintiff filed the instant motion. Crosby Decl., Ex. B, *NCSO FOIL Response Letter*. In the response letter, the Niagara County Sheriff's Office advised it had sixty-seven (67) pages of records to provide to Plaintiff once payment was made. *Id.* Even before that time, the Niagara County Sheriff's Office sent Plaintiff an acknowledgement letter, advising it would respond to Plaintiff's FOIL request within twenty (20) business days. Crosby Decl., Ex. A, *NCSO FOIL Acknowledgment Letter*. There was no indication that the Niagara County Sheriff's Office did not intend to provide a response, or records, to Plaintiff with regard to her FOIL request. In any event, Plaintiff submitted payment to the Niagara County Sheriff's Office and the records were provided to Plaintiff on or about July 12, 2024. Crosby Decl., Ex. C, *NCSO Second FOIL Response Letter*. Even assuming that this Court could compel responses to FOIL requests, the fact that Plaintiff has been provided with the records makes the instant motion to compel moot and thus improperly before this Court. *See, e.g.*, *Noel v. Clouston*, 2024 WL 1326299, at *2 (W.D.N.Y. Mar. 28, 2024) (denying motion to compel as moot where defendants provided written responses to document requests); *Jones v. Reinbolt*, 2022 WL 2974035, at *1 (W.D.N.Y. July 27, 2022); *McFadden v. Williams*, 2021 WL 5890173, at *1 (W.D.N.Y. Dec. 13, 2021).

---

[2] Plaintiff omits that on May 24, 2024, she also submitted a FOIL request to the Niagara County Sheriff's Office Forensic Laboratory for any and all documents the Forensic Laboratory may have with respect to testing that was performed on the object Plaintiff provided to the Lockport Police Department. *See* Dkt. No. 16-8, *Ex. E to Poole Decl.*, at p. 21. The Niagara County Sheriff's Office Forensic Laboratory sent an acknowledgment letter to Plaintiff on or about May 29, 2024 (Crosby Decl., Ex. H, *NCSO Forensic Lab Acknowledgment Letter*) and responded to Plaintiff's FOIL request and provided documents to Plaintiff on or about July 12, 2024, indicating that the Forensic Laboratory performed tests with respect to the object Plaintiff provided to the Lockport Police Department. Crosby Decl., Ex. I, *NCSO Forensic Lab FOIL Response Letter*.

5

With respect to Plaintiff's FOIL request to the Niagara County District Attorney, as Plaintiff admits, Plaintiff's appeal of the Niagara County District Attorney's denial of records was pending at the time Plaintiff's motion to compel was filed. Dkt. No. 16-12, *Pltf's MOL in Support*, at p. 11; Crosby Decl., Ex. F, *NCDA FOIL Appeal*. The Niagara County Legislature has since responded to Plaintiff's appeal on July 26, 2024. Crosby Decl., Ex. G, *NCDA Response to FOIL Appeal*. As discussed above, Plaintiff's only available recourse is to commence an Article 78 proceeding in state court to challenge the denial of records per the New York Public Officers Law. New York Public Officers Law § 89; *Gambino*, 2015 WL 3505639, at *1; *Jenn-Ching Luo*, 2013 WL 4719090, at **3-4; *Posr*, 2013 WL 2419142, at *14; *Sonds*, 2012 WL 952540, at *3; *Schuloff*, 950 F.Supp. at 67-68.

Plaintiff does not compel any information from the County Defendants other than what was requested in her FOIL requests to the Niagara County Sheriff's Office and the Niagara County District Attorney. *See* Dkt. No. 16-12, *Pltf's MOL in Support*, at p. 10. To the extent Plaintiff asserts that obtaining this information will aid in naming the Doe Defendants "who illegally released the confidential sexual assault records complained about herein" (Dkt. No. 16-12, *Pltf's MOL in Support*, at p. 10), there is no reason why this discovery cannot be obtained through the normal channels as discovery takes its usual course.[3] Significantly, Plaintiff's FOIL requests to both the Niagara County Sheriff's Office and the Niagara County District Attorney's Office did not even request such information. Rather, they broadly requested any and all documents referencing Plaintiff. Dkt. No. 16-8, *Ex. G to Poole Decl.*, at p. 2.

Additionally, a party moving to compel must comply with Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7(d)(3). Rule 37(a)(1) requires a movant, before filing a motion

---

[3] Plaintiff has already named Investigator Gaydos and Confidential Secretary Moll as individuals who allegedly disclosed the alleged confidential information at issue. *See* Dkt. No. 10, *FAC*, at ¶¶ 23, 70-72.

6

to compel, to have "in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). Local Rule 7(d)(3) also provides the following with respect to discovery motions:

> No motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein, and all related correspondence must be attached.

W.D.N.Y. Local R. Civ. P. 7(d)(3). As one court noted, "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible. Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel." *Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4, 2007). Courts in this District also routinely deny motions to compel where the moving party fails to comply with Rule 37 of the Federal Rules of Civil Procedure or Local Rule 7(d)(3). *See, e.g.*, *Cisse v. Mitchell*, 2024 WL 2794251, at *2 (W.D.N.Y. May 31, 2024) ("Accordingly, Cisse's motion to compel is denied at this time due to his failure to confer with defendants prior to filing the motion."); *McFadden v. Williams*, 2022 WL 17126213, at *3 (W.D.N.Y. Nov. 22, 2022) ("McFadden's failure to comply with the conferral requirement before filing the pending motions to compel is grounds to deny the motions"); *Buckingham v. Lewis General Tires, Inc.*, 2017 WL 975942, at *6 (W.D.N.Y. Mar. 14, 2017) ("Buckingham's failure to comply with Rule 37, particularly in light of the Court's advisement, warrants denial of his motions."); *Hardy v. LoVerde*, 2011 WL 4424434, at *3 (W.D.N.Y. Sept. 21, 2011) ("Plaintiff's First Motion to Compel is not accompanied by such certification, which is consistent with Defendants' position that Plaintiff has not previously requested such discovery. As such, Plaintiff's motion is DENIED on that ground alone.").

Plaintiff has not included such a certification detailing Plaintiff's attempts to resolve the purported "discovery dispute" since, as discussed herein, there is no discovery dispute for the parties to meet-and-confer about, as Plaintiff has not served formal discovery demands. Nor is Plaintiff's email to the County Defendants advising of Plaintiff's intent to obtain discovery sufficient to constitute a meet-and-confer. *See* Dkt. No. 16-8, *Ex. G to Poole Decl.* Plaintiff merely informed the County Defendants that she intended to pursue discovery in the normal course of litigation. Additionally, as discussed below, the parties have yet to hold a Rule 26(f) conference or exchange Rule 26(a)(1) initial disclosures. As the aforementioned caselaw demonstrates, Plaintiff's failure to comply with either Rule 37 or Local Rule 7(d)(3) is yet another reason to deny Plaintiff's motion to compel. *Cisse*, 2024 WL 2794251, at *2; *McFadden*, 2022 WL 17126213, at *3; *Buckingham*, 2017 WL 975942, at *6; *Hardy*, 2011 WL 4424434, at *3.

Simply put, there is no basis in law or in fact for the Court to grant Plaintiff's motion to compel. Indeed, some courts have found such baseless motions to be frivolous. *See Yeremis v. Amerit Fleet Solutions*, 2021 WL 1565693 (S.D.N.Y. Apr. 21, 2021). Accordingly, Plaintiff's motion to compel should be denied.

### B. The "Discovery" Sought is Premature

Even if Plaintiff's motion to compel had a cognizable basis, discovery is typically not sought from a party until after the parties hold their Rule 26(f) conference. Motions to compel have been denied as premature in similar circumstances. *Nieves v. Just Energy New York Corp.*, 2020 WL 6720871, at *4 (W.D.N.Y. Nov. 16, 2020); *Gerrard v. Acara Solutions Inc.*, 2019 WL 2647758, at *14 (W.D.N.Y. June 27, 2019), *Report & Recommendation rejected on other grounds*, 2020 WL 3525949 (W.D.N.Y. June 30, 2020). While the Court may be empowered to order discovery under Rule 26 (*see* Fed. R. Civ. P. 26(d)(1), Plaintiff has not provided a factual basis to

warrant the issuance of an order by the Court at this time, particularly since the parties have yet to conduct a Rule 26(f) conference or exchange Rule 26(a)(1) initial disclosures. Aside from the FOIL requests, Plaintiff has not specified the particular discovery she wishes to obtain from the County Defendants. Moreover, the County Defendants' pending motion to dismiss the FAC, which will be fully briefed by the end of September per the parties' jointly agreed-upon briefing schedule, is yet another reason to dismiss Plaintiff's motion to compel as premature. *See Nieves*, 2020 WL 6720871, at *4. The outcome of the pending motion to dismiss may significantly alter, or eliminate, the scope of discovery. Therefore, Plaintiff's motion to compel should be denied.

## II. Plaintiff's Motion for a Protective Order Should Be Denied

At the outset, the County Defendants note that Plaintiff's motion for a protective order is more properly an order to seal. *See* Dkt. No. 16-12, *Pltf's MOL in Support*, at p. 13 ("…Plaintiff seeks to [file] her affidavit under seal and outside the public's availability"). Plaintiff desires to file an affidavit she plans to submit in opposition to the County Defendants' motion to dismiss the FAC under seal. *Id.* As Plaintiff indicates, judicial documents[4] are presumptively available for public access. *See U.S. v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995). *See also* Local R. Civ. P. 5.3(a) ("It is generally presumed that cases, parties, complaints, and documents are publicly accessible."). "This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the integrity, quality, and respect

---

[4] Plaintiff does dispute that the proposed affidavit is a judicial document. Dkt. No. 16-12, *Pltf's MOL in Support*, at p. 14. In any event, to be considered a judicial document, the document "must be relevant to the performance of the judicial function and useful in the judicial process." *U.S. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). The affidavit at issue, an affidavit to be submitted in opposition to the County Defendants' pending motion to dismiss the FAC, is unquestionably a judicial document since it is being submitted to the Court for consideration in connection with a motion to dismiss. *See ,e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) ("As a matter of law, then, we hold that the contested documents—by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents under the common law."); *Desch v. Ulthera, Inc.*, 2022 WL 2987084, at *1 (E.D.N.Y. July 28, 2022) ("Court filings in connection with a motion to dismiss are ... judicial documents, and are generally entitled to a strong presumption of public access." [internal citations and quotations omitted]).

in our judicial system…and permits the public to keep a watchful eye on the workings of public agencies." *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) (internal citations and quotations omitted).

"[A]n exception to the general policy of public access" is only permitted "under compelling or extraordinary circumstances." *Amodeo*, 71 F.3d at 1047. The Second Circuit has stated that the presumption of access is at its apex with respect to documents pertaining to dispositive motions in particular. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (requiring "compelling" reasons to seal documents filed "in connection with dispositive motions such as motions for dismissal or summary judgment"); *Lugosch*, 435 F.3d at 123 ("documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*." [internal citations and quotations omitted] [emphasis added in opinion]); *Desch*, 2022 WL 2987084, at *1. Therefore, a party moving to seal a judicial document submitted in connection with a dispositive motion must meet an exceptionally high burden to overcome the strong presumption of public access, a high burden by design. *See* Local R. Civ. P. 5.3(a) ("This rule applies when a party seeks to overcome the presumption of public access by obtaining a sealing order. A party seeking to have a…document filed under seal bears the burden of demonstrating that such material should be sealed under applicable law.").

"In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d at 27. In other words, evaluating a motion to seal "typically involves a careful review of each document a party wishes to file under seal." *Mento v. Donahoe*, 2012 WL 13177062, at *1 (W.D.N.Y. Feb. 15, 2012) (citing *City of Hartford v. Chase*, 942 F.2d 130, 137 [2d Cir. 1991] [Pratt, J., concurring] [observing that without careful document-by-document review, "a sealing

order represents little more than an imprimatur reflexively placed on determinations that have been made by the parties"]). This is precisely why Local Rule 5.3(c) specifies that when a request to seal a document is made on notice, as is the case here, the movant is required to deliver hard copies of the document(s) for which sealing is sought to chambers and all counsel of record, along with other documents set forth in the Local Rule. *See* Local R. Civ. P. 5.3(c). Otherwise, the Court is impeded in its efforts to ensure that an extraordinary circumstance or compelling need exists to overcome the presumption of public access. *See City of Hartford*, 942 F.2d at 137; *Mento*, 2012 WL 13177062, at *1 (denying defendant's motion to seal where defendant failed to specify the precise documents to be sealed or provide an explanation as to why redaction of the documents was not sufficient). In this case, Plaintiff elected to file the motion to seal at a time when she knew she could not comply with Local Rule 5.3. The County Defendants had not yet filed their motion to dismiss the FAC when Plaintiff filed the instant motion to seal. Moreover, Plaintiff has failed to overcome the strong presumption of public access that is afforded to judicial documents submitted in connection with dispositive motions.

Since Plaintiff has filed a motion to seal, Plaintiff was required to deliver to chambers a number of items, including hard copies of the document for which sealing is sought and a proposed order granting the motion to seal, which must contain a number of specific items. Local R. Civ. P. 5.3(c)(2). Plaintiff was also required to deliver to all counsel of record copies of the items set forth in Local Rule 5.3(c)(2)(A)-(D), including a copy of the document to be sealed and the proposed order. Local R. Civ. P. 5.3(c)(3). Plaintiff has failed to provide counsel for the County Defendants with a copy of the affidavit to be sealed or a proposed order in connection with the instant motion. If Plaintiff has similarly failed to provide a copy of the affidavit to be sealed to the Court, the Court is hampered in its ability to determine whether Plaintiff has overcome the strong

11

presumption of public access. *See In re Orion Pictures Corp.*, 21 F.3d at 27; *City of Hartford*, 942 F.2d at 137; *Mento*, 2012 WL 13177062, at *1. Admittedly, the County Defendants had not yet filed their motion to dismiss at the time Plaintiff filed her motion to seal. However, this is further evidence that Plaintiff's motion to seal was premature as Plaintiff is required to meet her motion burden on the moving papers to provide the County Defendants with a fair opportunity to respond in opposition.

Aside from this, "conclusory statements about the alleged confidentiality of the information [are insufficient] to support sealing." *McCaney v. Wilkowski*, 2023 WL 2965135, at *3 (W.D.N.Y. Apr. 17, 2023). *See also Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) ("Neither conclusory assertion[s] of harm nor [b]road and general findings by the trial court will suffice." [internal citations and quotations omitted]). Here, Plaintiff asserts, without providing the actual judicial document in question, that "Plaintiff's affidavit will outline the extreme, graphic, and personal nature of the sexual assaults she suffered in October 2021" and that it will provide "deeply personal details." Dkt. No. 16-12, *Pltf's MOL in Support*, at p. 15. This is plainly insufficient for the Court to "make a specific, on the record finding[]" that sealing Plaintiff's proposed affidavit is "essential to preserve higher values." *Lugosch*, 435 F.3d at 120 (internal citations and quotations omitted). *See also Rowe v. Google*, 2022 WL 4467628, at *3 (S.D.N.Y. Sept. 26, 2022) (requiring party to show with particularity the basis for a sealing request to permit the court to make specific findings as to the necessity for sealing); *Bronx Conservatory of Music, Inc.*, 2021 WL 2850632, at *3.

Other than make conclusory assertions of Plaintiff's purported privacy interests, Plaintiff fails to specify the precise harm that will result from filing the anticipated affidavit. Even if Plaintiff had done so, "it is well-settled that [g]eneralized concern[s] of adverse publicity and

12

reputational injury…cannot justify an order sealing a core judicial document." *Bronx Conservatory of Music, Inc.*, 2021 WL 2850632, at *3. To be sure, Plaintiff's own broadcasting of her history of alleged sexual abuse to the public through her project, "The Truth About The Girl Next Door," is at odds with her privacy arguments in support of the instant motion. Simply stated, Plaintiff has failed to make a showing of compelling need.

Further, Plaintiff's purported basis for sealing the affidavit rests upon the precise legal questions that are at issue in this action and which are the subject of the County Defendants' pending motion to dismiss, namely, whether Plaintiff has a recognized right to privacy in the information at issue. *See* Dkt. No. 16-12, *Pltf's MOL in Support*, at pp. 15-17. However, "[m]otions to [s]eal are completely distinct from resolving the merits of the underlying action." *Bernsten v. O'Reilly*, 307 F.Supp.3d 161, 165-166 (S.D.N.Y. 2018) (internal citations and quotations omitted). As such, it would be improper for the determination of Plaintiff's motion to compel to rest on the legal presumptions Plaintiff asserts, which are the very legal issues that are the subject of the motion to dismiss. *See id.*

Plaintiff's reliance on New York Civil Rights Law § 50-b as a basis for granting the motion to seal is also unavailing. In an analogous case, the parties argued that New York Civil Rights Law § 50-a – a repealed law similar to § 50-b in that it provided that personnel records of police officers, firefighters and correction officers used to evaluate performance were considered confidential – provided a compelling reason to seal exhibits to summary judgment motions. *McCaney*, 2023 WL 2965135, at *4. There, Judge Wolford expressly held that "any purported protections contained in New York Civil Rights Law § 50-a do not control the Court's analysis," since "New York state law does not govern discoverability and confidentiality in federal civil rights actions, and there is no federal analog to New York Civil Rights Law § 50-a, meaning that

13

[q]uestions of privilege in federal civil rights cases are governed by federal law." *Id.* (internal citations and quotations omitted). Because the parties failed to demonstrate the presence of compelling circumstances to warrant sealing the judicial documents at issue, particularly when they specifically related "to the incident forming the basis of Plaintiff's civil rights complaint," the motion to seal was denied. *Id.* A similar result should occur here.

It is also respectfully submitted that Plaintiff's anticipated affidavit, which will purportedly contain graphic and explicit details of the alleged sexual assault, including photographs of Plaintiff's subsequent medical treatment, is not relevant to the pending motion to dismiss. None of Plaintiff's claims rise or fall on Plaintiff's explicit descriptions of the alleged sexual assault. As set forth in the FAC, Plaintiff's claims are for: (1) violation of Plaintiff's right to privacy under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (2) violation of New York Civil Rights Law § 50-b; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) defamation. Dkt. No. 10, *FAC*. The sufficiency of any of these claims, as pled in the FAC, is not dependent upon shocking details that may be provided in Plaintiff's proposed affidavit. Moreover, the content of Plaintiff's anticipated affidavit does not change the fact that law enforcement's investigation of Plaintiff's allegations did not result in a finding that Plaintiff is a victim of sexual assault, which Plaintiff is essentially requesting the Court to undo. Regardless, Plaintiff chose to commence this action, knowing full-well of the intimate nature of the alleged underlying events. To permit Plaintiff to seal her affidavit, a judicial document which will be filed in opposition to a dispositive motion, particularly when there has been no finding by law enforcement that she is a victim of sexual assault, violates the right of public access that is firmly entrenched in our judicial system.

14

What is more, this is an action against Niagara County, whose citizens have a right to access judicial documents that are filed in the action, especially those that are filed in connection with a dispositive motion. As stated by the Second Circuit:

> The presumption of access is based on the need for federal courts…to have a measure of accountability and for the public to have confidence in the administration of justice…[P]ublic monitoring is an essential feature of democratic control…Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings. Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions.

*Lugosch*, 435 F.3d at 119 (quoting *Amodeo*, 71 F.3d at 1048). *See also Matter of New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987) (holding that the public has a First Amendment right of access to judicial documents and noting that "[a]ccess to written documents filed in connection with pretrial motions is particularly important…where no hearing is held and the court's ruling is based solely upon the motion papers."). When discussing the importance of the public's right to access, the New York Court of Appeals has stated that the statute "affords all citizens the means to obtain information concerning the day-to-day functioning of State and local government thus providing the electorate with sufficient information to make intelligent, informed choices with respect to both the direction and scope of governmental activities and with an effective tool for exposing waste, negligence and abuse on the part of government officers." *Capital Newspapers Div. of Hearst Corp. v. Burns*, 67 N.Y.2d 562, 565-566 (1986). A similar justification is implicated here.

In sum, Plaintiff has failed to demonstrate a compelling reason to seal the affidavit in question from public inspection "when balanced against the weight accorded the presumption of public access." *McCaney*, 2023 WL 2965135, at *4. Since the affidavit will be submitted in opposition to a dispositive motion, the weight afforded to the presumption of public access to

15

judicial documents is all the more persuasive. Plaintiff has failed to overcome that strong presumption of public access.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Crosby Declaration, the County Defendants respectfully request that Plaintiff's motion seeking an Order: (i) compelling limited discovery from the County Defendants; and (ii) for a prospective protective order allowing Plaintiff to file her anticipated affidavit under seal in opposition to the County Defendants' motion to dismiss the First Amended Complaint, be denied in its entirety, and that the Court grant the County Defendants such other and further relief as it may deem just and proper.

DATED:   Buffalo, New York
         August 9, 2024                    Respectfully submitted,

                                           **GIBSON, McASKILL & CROSBY, LLP**

                                           By:   *s/Brian P. Crosby*
                                                 Brian P. Crosby, Esq.
                                           *Attorneys for Defendants*
                                           *Sheriff Michael J. Filicetti, Niagara County*
                                           *Sheriff's Office, Stephen W. Gaydos, Laura*
                                           *Moll, and County of Niagara*
                                           69 Delaware Avenue, Suite 900
                                           Buffalo, New York 14202
                                           Telephone: (716) 856-4200
                                           Email: bcrosby@gmclaw.com

TO:   Joseph J. Manna, Esq.
      Christopher R. Poole, Esq.
      LIPSTIZ GREEN SCIME CAMBRIA LLP
      *Attorneys for Plaintiff*
      42 Delaware Avenue, Suite 120
      Buffalo, New York 14202
      Telephone: (716) 849-1333
      Email: jmanna@lglaw.com