

# Lipsitz Green Scime Cambria LLP

Attorneys at Law

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

James T. Scime
Michael Schiavone
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,3]
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Max Humann
Justin D. Ginter
Dale J. Bauman [2,6]
Melissa D. Wischerath [7]
Jaime Michelle Cain [5]
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Erin McCampbell Paris
Richard A. Maltese, Jr.
Karoline R. Faltas-Peppes
Robert M. Corp [9]
Taylor D. Golba
Amy C. Keller [8]
Christopher R. Poole
Ryan C. Johnsen
Anthony R. Faraco, Jr.
Amy J. Vigneron
William J. Justyk [10]
Christina M. Croglio
Alexander R. DiDonato
Brittany E. Morgan
Candace L. Morrison
Victoria E. Dailey
Miriam E. Trojanovic
Patricia A. Rauh

OF COUNSEL
Paul J. Cambria, Jr. [1,3,5]
Patrick C. O'Reilly
Herbert L. Greenman
Laraine Kelley
Joseph J. Gumkowski
George E. Riedel, Jr. [2]
Terrie Benson Murray

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

ALSO ADMITTED IN
1  District of Columbia
2  Florida
3  California
4  Illinois
5  Pennsylvania
6  New Jersey
7  Oregon
8  Massachusetts
9  Connecticut
10 Washington

August 27, 2024

**VIA CM-ECF**

Hon. John L. Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:    **Kaitlynn Gannon v. Sheriff Michael J. Felicetti, et al**
       **WDNY Case No.: 1:24-cv-00518-JLS**

Dear Judge Sinatra:

I am writing to request a modification of the motion to dismiss (Docket 17) briefing schedule.

This is a case in which the Plaintiff alleges that her civil rights were violated when the Defendants disclosed information revealing that Plaintiff was a sexual assault victim in October 2021. Because of the graphic and personal nature of those assaults, Plaintiff's complaint has many details, but does not describe the assaults in detail. Additionally, again due to the graphic and personal nature of the disclosure at issue, some of what Defendants disclosed are not attached to her pleadings or to the defendants' motion.

On July 25, 2024, Plaintiff filed a motion seeking to file under seal portions of her opposition to a motion to dismiss (Docket 16). The defense opposed Plaintiff's motion to seal on August 9, 2024 (Docket 20), and Plaintiff filed her reply on August 16, 2024 (Docket 21). To date, the Court has not yet decided Plaintiff's motion (Docket 16).

A motion to dismiss was filed on July 26, 2024 (Docket 17). The defense has claimed that Plaintiff is not a sexual assault victim, and therefor, does not enjoy civil rights as such. Our intention is to provide the Court with graphic and personal information about the assaults in Plaintiff's opposition, including a sworn statement she provided to police detailing one assault, but we also wish to protect her privacy to the extent possible.

Because Plaintiff's opposition to the defendants' motion to dismiss is due this Friday, August 30, and the Court has not yet decided the motion to seal (Docket 16), I am



# Lipsitz Green Scime Cambria LLP

requesting that the briefing schedule for the motion to dismiss be modified so that Plaintiff's opposition not be due until 14 days after the Court decides the motion to seal.

I spoke with defense counsel, Brian Crosby, Esq., yesterday about this request, and he said he would respond to me this morning, but he has not. I emailed him this morning in follow-up, but he has not returned my email. I also called Mr. Crosby at about 2:50 pm today, but he was not available. I also asked to speak with his partner, Melissa Morton, Esq., who also works on this file. Ms. Morton was not available to speak with me either.

In the absence of a modification, Plaintiff's papers would be due in a few days before the Court decides Plaintiff's motion to seal. Therefore, I thought it best to seek the Court's intervention at this time.

Again, we ask that Plaintiff's opposition papers relative to the defense motion to dismiss (Docket 17) be due 14 calendar days after the Court decides Plaintiff's motion to seal/protective order (Docket 16).

Thank you for considering this request.

Very truly yours,

Lipsitz Green Scime Cambria LLP

By: Joseph J. Manna, Esq.

JJM/jrb

Writer's Extension: 396
E-mail: jmanna@lglaw.com

6633045v1 - 072663.0002

BUFFALO        AMHERST        LOS ANGELES